Submitted August 18, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed September 16, 2015, petition for review denied March 24, 2016 (358 Or 833)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL FRANCIS WATCHMAN,
*Defendant-Appellant.*

Marion County Circuit Court
13C44142; A155880

359 P3d 548

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Nakamoto, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

In this criminal appeal, defendant seeks reversal of his conviction for burglary, raising three assignments of error. We reject without written discussion defendant's first and second assignments of error, and write only to address his third assignment, in which he contends that the trial court erred in imposing attorney fees. Defendant points out that, although he argued to the trial court that there was "no indication" in the record that he could "pay those attorney fees now or in the future," the court ordered him to pay $1,300 in attorney fees. According to defendant, all "of the information in the record concerning [his] financial circumstances showed that [he] was and would continue to be impoverished," and, consequently, there was no information in the record to support a finding that he "is or may be able" to pay the attorney fees. ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").

The state concedes that, under our case law, "the trial court erred by imposing $1,300 in attorney fees where the record was silent as to [defendant's] ability to pay them." We agree and accept the state's concession. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."); *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (the state "bears the burden of persuasion and the obligation to make a record" regarding a defendant's ability to pay attorney fees).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.