Submitted August 28, portion of judgment requiring defendant to pay attorney fees vacated; remanded for resentencing; otherwise affirmed September 23, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN SCOTT KANUCH,
*Defendant-Appellant.*

Josephine County Circuit Court
05CR0897; A138249

217 P3d 1082

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for aggravated murder with a firearm. ORS 163.095. He assigns error to the trial court's entry of a money judgment for $15,000 in attorney fees as part of the sentence, arguing that the court failed to find that he has assets sufficient to pay all or part of that amount. We agree with defendant and vacate the portion of the judgment that requires defendant to pay attorney fees. We remand for resentencing, but otherwise affirm.

The relevant facts are uncontested. Defendant shot and killed the victim. He was charged with aggravated murder with a firearm, among a number of other offenses. Defendant pleaded guilty to the aggravated murder charge and stipulated to a sentence of life in prison with a 30-year minimum. At sentencing, the trial court sentenced defendant to life in prison with a 30-year minimum, along with a five-year firearm minimum and post-prison supervision for life. In addition, among other things, the court ordered defendant to pay court-appointed attorney fees. In imposing the order to pay the attorney fees, the court asked defendant's counsel whether he knew the amount of the bill for his services. Defendant's counsel replied,

> "* * * I don't have that amount, and I'm not even sure that I could get that together. Further, I would advise the Court that I have not advised [defendant] that there would be any possible judgment for Court appointed attorney's fees. I have never seen one entered in this kind of case. I think that it's clear from the record that he is indigent, going to be in prison for at least the next 30 years. Upon his release from prison, there would be no ability to pay. I think that's reasonabl[y] foreseeable, and I would ask the Court to impose no Court appointed attorney's fees. It would be impossible to recover those."

The court replied that, "at this time I have no information before me as to any other potential assets the defendant might have, so the Court is going to impose the repayment of Court appointed attorney fees." At that point, the court did not say what amount would be imposed. And it is undisputed that there is no further information in the record about

defendant's ability to pay any amount of attorney fees. When the judgment issued, it required defendant to pay attorney fees in the amount of $15,000.

On appeal, defendant's sole assignment of error is that the trial court erred in ordering him to pay attorney fees without determining that he had the ability to pay them. Defendant contends that the statutes authorizing an order to pay attorney fees require the court expressly to find that a defendant has the ability to pay them.

The state responds first by asserting that defendant failed to preserve his claim of error. According to the state, although it is clear that defendant objected to the order to pay attorney fees, defendant did not object specifically to the court's failure to make findings as to his ability to pay. As for the merits of defendant's assignment, the state acknowledges that "the record is minimal." Indeed, the state concedes that "the record does not reflect what defendant's financial resources might have been at the time of trial." The state nevertheless insists that the court did not err in ordering defendant to pay $15,000 in attorney fees because it "apparently took defendant's circumstances into account." The state does not identify what those "circumstances" are, however.

We begin with preservation. As the state acknowledges, defendant plainly objected at sentencing to the entry of an order to pay attorney fees. He more specifically objected that he lacked the resources to pay attorney fees. On appeal, defendant argues that the trial court erred in ordering him to pay fees, both because the court failed to make required findings and because there is simply no evidence of his ability to pay them. While it may be debatable that defendant preserved the former contention, it is not debatable that he preserved the latter, and, as we explain presently, defendant is correct in asserting that the latter error is reversible.

We turn to the merits. ORS 161.665(1) provides that, subject to exceptions not pertinent to this case, the court may include in its sentence on a judgment of conviction "a provision that the convicted defendant pay as costs expenses specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050," statutes authorizing

the provision of court-appointed counsel for indigent defendants. The statute further provides that

> "[t]he court may not sentence a defendant to pay costs under this section *unless the defendant is or may be able to pay them*. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

ORS 161.665(4) (emphasis added). The statute plainly states that the court lacks authority to sentence a defendant to pay costs unless it has determined that the defendant "is or may be able to pay them."

In this case, it is undisputed that the record says nothing about whether defendant is or may be able to pay the attorney fees that the trial court ordered him to pay. It necessarily follows that, under ORS 161.665(4), the court was not permitted to order him to pay those fees.

The state insists that, in spite of its concession that "the record does not reflect what defendant's financial resources might have been at the time of trial," that is somehow defendant's problem. According to the state, "[d]efendant had the opportunity to make a record" on the issue, but failed to do so.

The statute, however, unambiguously provides that the trial court cannot impose an obligation to pay attorney fees unless the record demonstrates that the defendant "is or may be able to pay them." It does not provide that the court may impose the obligation to pay such fees unless a defendant demonstrates that he or she cannot pay them. Moreover, as a general rule, it is the proponent of a fact or position who bears the burden of persuasion and the obligation to make a record. *See, e.g., State v. T. M.*, 229 Or App 325, 331, 211 P3d 359 (2009) ("Ordinarily, the party seeking relief bears the burden of proving all facts necessary to obtain that relief."). In this case, it certainly was not defendant who was asking the court to enter an order requiring him to pay his attorney fees.

We conclude that, in light of the undisputed absence of any evidence as to defendant's ability to pay his attorney fees, the trial court erred in ordering him to do so.

Portion of judgment requiring defendant to pay attorney fees vacated; remanded for resentencing; otherwise affirmed.