Submitted June 21, attorney fee award reversed, otherwise affirmed
August 8, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TONY CURTIS PENDERGRAPHT,
*Defendant-Appellant.*

Washington County Circuit Court
D111168M; A148382

284 P3d 573

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

In this criminal case, defendant appeals the trial court's judgment, which, *inter alia*, requires him to pay $400 in attorney fees. Relying on ORS 151.505 and ORS 161.665, which provide that a court may not require a defendant to pay attorney fees unless the defendant "is or may be able to pay" the fees, defendant argues that the trial court's requirement that he pay the fees is not supported by the record. For the reasons explained below, we agree and, therefore, reverse the attorney fee award and otherwise affirm.

The relevant facts are undisputed. Defendant was charged with two counts of failure to appear in the second degree, ORS 162.195.[1] He completed an "Affidavit of Eligibility and Request for Court-Appointed Counsel." Based on that affidavit and request, the trial court appointed an attorney to represent defendant. Defendant subsequently pleaded guilty to the two failure-to-appear counts. In defendant's written plea petition, defendant stated that he was taking medications, specifically: Haldol, Cogentin, Phenobarbital, and Xanax. At the plea and sentencing hearing, defendant's attorney asked the court not to require defendant to pay attorney fees, stating:

> "And regarding fees, [defendant] doesn't have—he doesn't have any money. He's unable to pay, he doesn't work. He's unable to pay court-appointed attorney's fees. We'd ask that the court not impose them under ORS 151.505(4) because he is unable to pay."

The trial court did not address defendant's ability to pay attorney fees. It sentenced defendant to 60 days in jail and ordered him to pay "a $67 unitary assessment, $400 attorney fees, [and a] $35 surcharge."

On appeal, defendant argues that the trial court lacked the authority to order him to pay the attorney fees because there was no evidence that he was or would be able to pay them.[2]

---

[1] The charges were based on defendant's failures to appear in two cases: one in which he was charged with disorderly conduct in the second degree, ORS 166.025, and criminal trespass in the second degree, ORS 164.245, and a second in which he was charged with failure to appear in the second degree, ORS 162.195.

[2] The state asserts that defendant's claim is not reviewable on appeal, citing ORS 138.050(1), which provides that a defendant who pleads guilty "may take an appeal from a judgment *** only *** [if he or she] makes a colorable

Two statutes govern a court's authority to order a defendant to pay attorney fees: ORS 151.505[3] and ORS 161.665.[4] Both statutes provide that a court may not order a defendant to pay the fees unless the defendant "is or may be able" to pay them. Accordingly, the Supreme Court has held that, under ORS 151.505, "[o]nly a person who presently is able, or who may be able in the future, to pay

---

showing that the disposition" either "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual." Defendant's claim is reviewable; it is a claim that the trial court's imposition of attorney fees exceeded the maximum allowed by law because the court lacked authority to impose attorney fees absent evidence that defendant "is or may be able" to pay the fees. *See State v. Gray*, 113 Or App 552, 554, 833 P2d 341 (1992) (claim that trial court exceeded its statutory authority when it imposed a compensatory fine was reviewable); *State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992) (a disposition "exceed[s] the maximum allowable by law" if it is imposed inconsistently with statutory requirements).

[3] ORS 151.505 provides, in part:

"(1) At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial, appellate or post-conviction court may include in its judgment a money award requiring that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel, and the costs of the legal and other services that are related to the provision of appointed counsel, that have not previously been required to be paid under a limited judgment entered under ORS 151.487. An award under this section is a monetary obligation payable to the state.

"(2) Costs that may be included in a money award under this section include a reasonable attorney fee for counsel appointed to represent the person and a reasonable amount for expenses authorized under ORS 135.055. * * *

"(3) The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose."

[4] ORS 161.665 provides, in part:

"(1) Except as provided in ORS 151.505, the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a money award for all costs specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for fees and expenses incurred pursuant to preauthorization under ORS 135.055. * * *

"* * * * *

"(4) The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

costs may be ordered to do so." *Bacote v. Johnson*, 333 Or 28, 33, 35 P3d 1019 (2001). Similarly, we have held that, under ORS 161.665, a court "lacks authority" to require a defendant to pay attorney fees "unless it has determined that the defendant 'is or may be able to pay them.'" *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (quoting ORS 161.665(4)). In addition, we have held that a court's determination that a defendant is or may be able to pay fees must be supported by the record. *Id.*

*Kanuch* is illustrative. In *Kanuch*, the defendant pleaded guilty to aggravated murder with a firearm, and he stipulated to a sentence of life imprisonment with a 30-year minimum. At sentencing, the defendant's attorney told the court that the defendant was indigent and had no ability to pay attorney fees while in prison or after his release. Nevertheless, the court ordered the defendant to pay $15,000 in attorney fees, stating that "at this time I have no information before me as to any other potential assets the defendant might have, so the Court is going to impose the repayment of court appointed attorney fees." *Id.* at 22. The defendant appealed, and we held that the trial court erred by ordering the defendant to pay the attorney fees. *Id.* at 25. We explained that, because "the record sa[id] nothing about whether [the] defendant is or may be able to pay the attorney fees that the trial court ordered him to pay," "[i]t necessarily follow[ed] that the court was not permitted to order him to pay those fees." *Id.* at 24.

In so holding, we expressly rejected the state's argument that we should affirm the trial court's imposition of the attorney fees because the defendant had not proved that he was unable to pay them. We explained:

> "The state insists that, in spite of its concession that 'the record does not reflect what defendant's financial resources might have been at the time of trial,' that is somehow defendant's problem. According to the state, '[d]efendant had the opportunity to make a record' on the issue, but failed to do so.
>
> "The statute, however, unambiguously provides that the trial court cannot impose an obligation to pay attorney fees unless the record demonstrates that the defendant 'is or may

be able to pay them.' It does not provide that the court may impose the obligation to pay such fees unless a defendant demonstrates that he or she cannot pay them. Moreover, as a general rule, it is the proponent of a fact or position who bears the burden of persuasion and the obligation to make a record. *See, e.g., State v. T. M.*, 229 Or App 325, 331, 211 P3d 359 (2009) ('Ordinarily, the party seeking relief bears the burden of proving all facts necessary to obtain that relief.'). In this case, it certainly was not defendant who was asking the court to enter an order requiring him to pay his attorney fees."

231 Or App at 24 (brackets in *Kanuch*). Thus, a court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees. There must be some information from which the court can find the statutorily required factual predicate to imposition of the fees: that the defendant "is or may be able to pay" them. ORS 151.505(3); ORS 161.665(4); *see also Bacote*, 333 Or at 34 (reversing the trial court's imposition of $975 in attorney fees on the ground that the record did not establish that the circuit court complied with the statutory requirement that it determine the petitioner's ability to pay the fees). A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future. *Kanuch*, 231 Or App at 24. That is logical, given that ORS 151.505(3) and ORS 161.665(4) provide that, "[i]n determining the amount and method of payment of costs, the court shall take account of the financial resources of the [defendant] and the nature of the burden that payment of costs will impose." A court cannot perform that task if it has no information regarding the defendant's existing or potential financial resources. *See also State v. Normile*, 52 Or App 33, 627 P2d 506 (1981) (so holding with respect to an earlier version of ORS 161.665).[5]

---

[5] The version of ORS 161.665 at issue in *Normile* provided that a court "shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them." ORS 161.665(3) (1971). In *Normile*, the trial court found that the defendant's "'employment ha[d] been nil'" but imposed $468.74 in attorney fees, stating:

"'The defendant is a person who, if he so desired, could work and earn money and pay these, and that if he does not, then it is because of his own voluntary actions that he has not chosen to do so.'"

In this case, as in *Kanuch*, defendant's attorney informed the trial court that defendant was unable to pay attorney fees. He told the court that defendant—who had medical problems, as evidenced by the medications he was taking—did not work and had no money. The state did not present any information to the contrary, nor is there any in the record. Therefore, as in *Kanuch*, the trial court erred in imposing the fees.

The state argues that this case differs from *Kanuch* because, in *Kanuch*, the trial court imposed a lengthy prison term and a large attorney fee. That is true, but the point of *Kanuch* is that a court cannot impose attorney fees on a record that "says nothing about whether [a] defendant is or may be able to pay" the fees. 231 Or App at 24. Whether a defendant is or may be able to pay fees depends on the defendant's particular circumstances, and the record in this case says nothing about defendant's particular circumstances from which the trial court could find, as required, that defendant "is or may be able" to pay the fees.[6]

Attorney fee award reversed; otherwise affirmed.

---

52 Or App at 40. The defendant appealed, and we reversed the imposition of attorney fees on the ground that the record was insufficient to support imposition of the fees. We explained:

"The defendant was indigent at the time of sentencing. The security posted by him as bail had been forfeited. Counsel revealed that the defendant had not been employed for some time because of an automobile accident. There was no direct evidence of any past work history. There was also no evidence of his ability or inability to work. *The trial judge's opinion that defendant could work may have been justified by the concatenation of facts and circumstances surrounding the judge's personal observations of defendant in the courtroom. Unfortunately, that courtroom aura has not translated itself into a sufficient record before us.* We conclude that the record fails to adequately demonstrate that the defendant's indigency will end. Imposition of costs was error."

*Id.* at 40-41 (emphasis added). Thus, *Normile* stands for the simple proposition that a court's determination of a defendant's ability to pay must be supported by information in the record. That proposition holds true under the current version of ORS 161.665.

[6] The state also argues that the trial court did not err in imposing the fees because "nothing in the record suggests that defendant is permanently disabled or otherwise unable to work." The state's argument impermissibly shifts the burden of proof. As we made clear in *Kanuch*, the state bears the burden of proving that a defendant is or may be able to pay attorney fees. 231 Or App at 24. A defendant is not required to prove that he or she is unable to pay them. *Id.*