Submitted August 28, attorney fee award reversed; otherwise affirmed October 9, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY LYNN WALLACE,
*Defendant-Appellant.*

Marion County Circuit Court
10C47160; A149156

311 P3d 975

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Defendant appeals the trial court's judgment convicting and sentencing him for one count of murder with a firearm. ORS 163.115; ORS 161.610. Defendant assigns error to the trial court's imposition of attorney fees, asserting that the imposition of the fees violates ORS 161.665(4), which provides that a court may not sentence a defendant to pay attorney fees for court-appointed counsel "unless the defendant is or may be able to pay them." For the reasons explained below, we agree with defendant and, therefore, we reverse the attorney fee award and otherwise affirm.

The relevant facts are few. Defendant entered a "no contest" plea to one count of murder.[1] The parties agreed that defendant was subject to life imprisonment with the possibility of parole after 300 months (25 years) in prison. ORS 137.635(2)(a); ORS 163.115(5)(b). They disagreed about the financial obligations the court could impose.

The prosecutor asked the trial court to sentence defendant to pay the following amounts as a money judgment: $37,400 in attorney fees, $26,018.09 in restitution, a $607 unitary assessment, and a $35 offense surcharge. In support of her request, the prosecutor asserted that defendant would have "some ability to pay" the requested amounts if he liquidated his assets. The prosecutor told the court that the state had "some information that the defendant does have a couple of vehicles * * * in his and his mother's names jointly," specifically, a 1988 Suzuki Samurai and a 1991 Chevrolet pickup truck. The prosecutor also told the court that a sale of the trailer in which defendant had been living was "in the works" and "[t]here was talk of a lump sum being paid and then income of $400 a month." But, the prosecutor did not know "whose name that piece of property [was] in." In response, defense counsel told the court that, because the vehicles were over 20 years old, defendant would not get more than "a couple thousand dollars for both of them." He also told the court that the trailer belonged to defendant's mother.

---

[1] In addition to the murder count, defendant was charged with one count of unlawful use of a firearm. That count was dismissed on the state's motion.

Defense counsel informed the court that defendant is physically disabled as a result of a hip injury he suffered when he fell from a roof. Before being taken into custody in connection with this case, defendant's only source of income was a $670 monthly disability benefit he received from the Social Security Administration.[2] While in custody, defendant was housed on the first floor of the jail because, according to defense counsel, he was "not supposed to be climbing stairs because of his hip problems."

Defense counsel estimated that, if defendant was able to secure a paying job in prison and was able to work the maximum number of hours available to a prisoner, defendant could earn between $300 and $600 per year. Defense counsel further estimated that, if the Department of Corrections did not collect any of those earnings for its own costs, defendant would be able to pay between $7,500 and $15,000 toward the $26,018 restitution award by the time he completed his 25-year minimum term. If so, he would still owe between approximately $11,018 and $18,518 in restitution. Given the assumptions underlying his calculations, defense counsel contended that defendant would probably still owe more than half of the restitution after he completed his 25-year minimum term.

Defense counsel further contended that, even if defendant were released, he would still have "virtually no ability to earn any money." If defendant were released after 25 years, he would be 76 years old. His employment opportunities would be limited by his physical disability and his age. According to defense counsel, they would also be limited by defendant's lack of education and mental-health problems. Therefore, defense counsel argued, "[defendant] does not have the ability right now, and he will not have the ability in the conceivable future, realistically, for the rest of his life[,] to pay anything more than restitution."

Over defendant's objection, the trial court ordered defendant to pay the following amounts as a money award,

---

[2] Defendant will not receive his Social Security benefit while he is in prison. *See* 20 CFR § 416.211 (2012) (residents of "public institution[s]" are ineligible for the type of benefit defendant received); 20 CFR § 416.201 (2012) ("public institution[s]" include all government-run institutions).

as the state requested: $37,400 in attorney fees; $26,018.09 in restitution; a $607 unitary assessment; and a $35 offense surcharge.[3] The court told defendant:

"With respect to your attorney fees of $37,400, the court finds that at least at this point you don't have an ability to pay that. Although it is uncertain whether you would have the ability to pay that in the future. And I say that because I don't know what money you may come into as a result of your family relationships that could be put toward making payments.

"And so I will suspend the payment of the court-appointed attorney fees at this time. I order you to pay them, but I'll suspend that payment. And that's something that the court is willing to revisit upon your release from prison."

Defense counsel questioned whether the court was also suspending the $607 unitary assessment and the $35 surcharge, and the court answered, "I'm not suspending that, as well. I think there is at least a possibility that the defendant can pay both the restitution and the costs." Defendant objected again, asserting that the court could not "impose and suspend the attorneys' fees."

As mentioned, defendant appeals, arguing that the trial court's imposition of attorney fees violates ORS 161.665(4), which provides that a court may not sentence a defendant to pay attorney fees for court-appointed counsel "unless the defendant is or may be able to pay them."[4]

---

[3] The money award was imposed pursuant to the following statutes and laws: ORS 151.505, ORS 161.665 (attorney fees); ORS 137.106 (restitution); *former* ORS 137.290(1)(a), (2)(b), *repealed by* Or Laws 2011, ch 597, § 118 (unitary assessment); and Or Laws 2009, ch 659, § 2(1)(a), *as amended by* Or Laws 2010, ch 107, § 20 (offense surcharge).

[4] ORS 161.665 provides, in pertinent part:

"(1) Except as provided in ORS 151.505, the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a money award for all costs specially incurred by the state in prosecuting the defendant. Costs include a reasonable attorney fee for counsel appointed pursuant to ORS 135.045 or 135.050 and a reasonable amount for fees and expenses incurred pursuant to preauthorization under ORS 135.055. * * *

"* * * * *

"(4) The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them. In determining the

A court "lacks authority" to require a defendant to pay attorney fees "unless it has determined that the defendant 'is or may be able to pay them.'" *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (quoting ORS 161.665(4)); *see also Bacote v. Johnson*, 333 Or 28, 33, 35 P3d 1019 (2001) (so holding under similar statute, ORS 151.505). A court's determination that a defendant is or may be able to pay fees must be supported by the record. *Kanuch*, 231 Or App at 24; *State v. Normile*, 52 Or App 33, 627 P2d 506 (1981) (so holding under ORS 161.665 (1971)). The requirement cannot be satisfied by a speculative possibility that a defendant may receive a gift, inheritance, or other windfall. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future.").

Here, the trial court did not find (and, given the record before it, could not have found) that defendant was or might be able to pay the $37,400 in attorney fees—in addition to the $26,018.09 in restitution, the $607 unitary assessment, and the $35 offense surcharge—given the length of his incarceration, his disability, and the other limitations on his ability to earn any income in prison or upon release. Instead, the court imposed the fees, stating, "I don't know what money you may come into as a result of your family relationships that could be put toward making payments." Thus, it appears that the court impermissibly imposed the fees based on the possibility that, through his family members, defendant would somehow be able pay the attorney fees. There is no evidence in the record to support that possibility. Indeed, the court appeared to recognize that there was no possibility that defendant would be able to pay the attorney fees; when explaining why it was not suspending the other money awards, the court distinguished those awards from the attorney fees, saying that it thought there was "at least a possibility" that defendant could pay those awards.

---

amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

It is true that the trial court suspended the attorney fees, but the suspension is beside the point. Under ORS 161.655(4), the trial court did not have the authority to impose the fees in the first instance.

Attorney fee award reversed; otherwise affirmed.