Submitted November 27, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed December 26, 2013

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEFFREY PAUL ERICKSON,
*Defendant-Appellant.*

Washington County Circuit Court
C102206CR; A150625

317 P3d 407

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of multiple crimes and sentenced to 20 years in prison. On appeal, his only challenge is to the trial court's order that he pay $23,952 in court-appointed attorney fees. According to defendant, there is no evidence in the record that he has any assets or income, and, consequently, no basis on which the trial court could have concluded that he "is or may be able" to pay those costs of his defense. ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").

The state concedes that, under our case law, defendant is correct: The record does not support the trial court's order that defendant pay his attorney fees. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."); *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (explaining that the state "bears the burden of persuasion and the obligation to make a record" concerning a defendant's ability to pay attorney fees). The state maintains, however, that *Pendergrapht* and *Kanuch* were wrongly decided and that "[t]he standard under ORS 161.665 and ORS 151.505 is very low."

We decline the state's invitation to revisit our prior cases, adhere to our reasoning in *Pendergrapht* and *Kanuch*, and conclude that the trial court erred in imposing attorney fees on defendant in the absence of any evidence that he "is or may be able" to pay those attorney fees.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.