Submitted July 30, in Case Number C120454CR, portion of judgment requiring defendant to pay court-appointed attorney fees reversed, otherwise affirmed; in Case Number C120210CR, affirmed September 10, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL PAUL FIORI,
*Defendant-Appellant.*

Washington County Circuit Court
C120454CR, C120210CR;
A154389 (Control), A154388

335 P3d 359

Peter Gartlan, Chief Defender, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

PER CURIAM

**PER CURIAM**

In this consolidated criminal appeal, defendant seeks reversal of his conviction for misdemeanor driving under the influence of intoxicants in Case Number C120454CR, and reversal of the trial court's probation violation judgment in Case Number C120210CR. Defendant also challenges the trial court's imposition of court-appointed attorney fees in Case Number C120454CR. We write only to address the issue of attorney fees and otherwise affirm without discussion.

After defendant was convicted in Case Number C120454CR, he asked the court not to impose court-appointed attorney fees under ORS 151.505. Defendant explained that he was unemployed, homeless, and struggling to pay medical bills, and that he was "basically destitute." The trial court nevertheless imposed $600 in attorney fees, without making any findings regarding defendant's ability to pay that amount.

On appeal, defendant argues that the trial court erred in imposing attorney fees because there was legally insufficient evidence that he had the ability to pay them. *See State v. Coverstone*, 260 Or App 714, 715-16, 320 P3d 670 (2014) (explaining that, under ORS 151.505 and ORS 161.665, a trial court may order a defendant to pay court-appointed attorney fees and other costs, and that the state bears the burden of proving that a defendant is or may be able to pay those fees). The state concedes that the record does not support a finding that defendant is or may be able to pay the $600 in attorney fees imposed by the trial court. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees."). We agree, accept the concession, and reverse that portion of the judgment.

In Case Number C120454CR, portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed. In Case Number C120210CR, affirmed.