Submitted February 6, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed March 25, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN WAYNE MAYFIELD,
*Defendant-Appellant.*

Jackson County Circuit Court
123504FE; A155316

346 P3d 665

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant pleaded guilty to one count of aggravated identity theft, ORS 165.803, and one count of first-degree theft, ORS 164.055. He objected at sentencing to the court's order that he pay $375 in attorney fees for his court-appointed attorney, because the record did not support a finding that he had the ability to pay the fees.

On appeal, defendant renews his contention that the trial court erred in ordering him to pay attorney fees because the record lacks an evidentiary basis for the court to find that he is or may be able to pay the fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes the error, and we agree and accept the concession. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those fees.").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.