Argued and submitted March 30, portion of judgment requiring defendant to
pay attorney fees reversed, otherwise affirmed October 14, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMIE MARIE ZEPEDA,
*Defendant-Appellant.*

Marion County Circuit Court
11C44396, 11C47701, 13C45352;
A155303 (Control), A155304, A155305

360 P3d 715

Kyle Krohn, Deputy Public Defender, argued the cause
for appellant. With him on the brief was Peter Gartlan,
Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General,
argued the cause for respondent. With him on the brief were
Ellen F. Rosenblum, Attorney General, and Anna M. Joyce,
Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Judge,
and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

In these consolidated criminal cases, defendant appeals from judgments convicting her of one count of unlawful possession of methamphetamine, ORS 475.894, and three counts of failure to appear in the first degree, ORS 162.205. Defendant assigns error to the trial court's imposition of court-appointed attorney fees, asserting that the imposition of those fees violates ORS 161.665(4), which provides that a court may not sentence a defendant to pay attorney fees for court-appointed counsel "unless the defendant is or may be able to pay them." For the reasons explained below, we agree with defendant and, therefore, we reverse the attorney fee awards and otherwise affirm.

The relevant facts are undisputed. At the sentencing hearing, to support an argument that defendant should be sentenced to probation, defense counsel provided the trial court with the following background information about defendant. In 2010, after defendant's mother had passed away, defendant became homeless, had a falling out with her family, and began using methamphetamine. In 2011, she was arrested for unlawful possession of methamphetamine and repeatedly failed to appear for her court dates on that charge. That same year, defendant was married and traveled with her husband to Mexico, where she stopped using methamphetamine. In February 2013, defendant returned to Oregon to reconnect with her family and stayed with her parents-in-law. In August 2013, she was arrested on the outstanding warrants and for failure to appear. That final arrest is what led to the sentencing proceeding for which defendant now seeks review.

During sentencing proceedings, the state requested a sentence of 18 months in the Department of Corrections and court-appointed attorney fees on all counts. Defense counsel requested a sentence of 24 months of probation, and, in support of that request, explained to the trial court that, "although in 2011, she was sort of a chronic failure to appear individual things have improved for her[.]" Defense counsel continued, "She is no longer homeless and her health has improved, both as a result of getting off the drugs, but she is also now in a home where she can get food and clothing and that sort of thing."

Later, in response to the prosecutor's request for attorney fees, defense counsel argued that those fees should not be imposed. Citing *State v. Pendergrapht*, 251 Or App 630, 284 P3d 573 (2012), defense counsel argued that the trial court was required "to make a finding of—take into consideration all of her financial resources, * * * that she would have the ability to pay the court-appointed attorney fees." Defense counsel informed the trial court that, "[a]t this point [defendant] does not have any employment, so we'd have to argue to the court—suggest to the court—that she will not have the ability to pay the full amount of court-appointed attorney fees." The trial judge stated:

> "I will find you have the ability to pay that. There are pre-sumptions in other areas of law of an ability to perform minimum wage work, and that can be conducted * * * for the length of time that * * * [there] is a money judgment."

The trial court sentenced defendant to six months in the Marion County Jail and imposed court-appointed attorney fees in the total amount of $2,400, $600 on each of defendant's four convictions.

On appeal, defendant argues that the trial court erred in imposing court-appointed attorney fees, in violation of ORS 161.665(4), because the trial court impermissibly shifted the burden of proof to defendant to show she cannot pay the court-appointed attorney fees by relying on a presumption that defendant could perform minimum wage work. Additionally, defendant argues that there is insufficient evidence in the record that she has, or may have, the ability to pay them.

The state responds by arguing that nothing in the record suggests that defendant is unable to work. The state argues that the trial court satisfied the requirement of ORS 161.665(4) because it "expressly found on the record" that defendant is or may be able to pay the court-appointed attorney fees. Furthermore, the state argues that the trial court looked at the record, had the opportunity to observe defendant, and considered her objection that she was unable to pay.

We agree with defendant. By relying on a presumption that defendant could perform minimum wage work, the trial court impermissibly shifted the burden of proof to

defendant to show that she cannot pay the court-appointed attorney fees. Without that impermissible presumption, there is insufficient evidence in the record that defendant has, or may have, the ability to pay those fees, and thus, the court erred in imposing attorney fees.

ORS 161.665(4) provides:

> "The court may not sentence a defendant to pay costs under this section unless the defendant *is or may be able to pay them.* In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

(Emphasis added.) ORS 161.665(4) "plainly states" that a court "lacks authority" to impose court-appointed attorney fees "unless it has determined that the defendant 'is or may be able to pay them.'" *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (quoting ORS 161.665(4)). "There must be some information [in the record] from which the court can find the statutorily required factual predicate to imposition of fees: that the defendant 'is or may be able to pay' them." *Pendergrapht*, 251 Or App at 634 (quoting ORS 161.665(4)).[1] "A court cannot perform that task if it has no information regarding the *defendant's existing or potential financial resources.*" *Id.* (emphasis added). Additionally, "[t]he requirement cannot be satisfied by a speculative possibility that a defendant may receive a gift, inheritance, or other windfall." *State v. Wallace*, 258 Or App 800, 804, 311 P3d 975 (2013). Finally, "the state bears the burden of proving that a defendant is or may be able to pay attorney fees." *Pendergrapht*, 251 Or App at 635 n 6 (citing *Kanuch*, 231 Or App at 24 (explaining that the state "bears the burden of persuasion and the obligation to make a record" concerning a defendant's ability to pay attorney fees)).

At the outset, we reject the state's argument that the trial court did not err "because nothing in the record suggested

---

[1] *See also State v. Normile*, 52 Or App 33, 40-41, 627 P2d 506 (1981) (holding that the imposition of attorney fees was error and concluding with respect to an earlier version of ORS 161.665 that "[t]he trial judge's opinion that defendant could work may have been justified by the concatenation of facts and circumstances surrounding the judge's personal observations of [the] defendant in the courtroom. Unfortunately, that courtroom aura has not translated itself into a sufficient record before us.").

that there was any impediment to her working." "As we have held, accepting such an argument[, that there was no impediment to defendant working,] would impermissibly 'shift[] the burden of proof to defendant' by requiring 'defendant to demonstrate that he or she *cannot* pay attorney fees.'" *State v. Below*, 264 Or App 384, 387, 332 P3d 329 (2014) (quoting *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (emphasis in *Coverstone* and second brackets in *Below*)).

Furthermore, the trial court erred by applying a presumption that defendant can perform minimum wage work. As we noted above, "[t]he state bears the burden of proving that a defendant is or may be able to pay attorney fees." *Pendergrapht*, 251 Or App at 635 n 6 (citing *Kanuch*, 231 Or App at 24).[2] Thus, a presumption that defendant can perform minimum wage work impermissibly shifts the burden of proof to defendant and requires defendant to demonstrate that she cannot perform minimum wage work.

Therefore, whether the trial court had the authority to impose attorney fees depends on whether there is sufficient evidence in the record to support a finding that defendant is or may be able to pay the attorney fees. "There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation[;] * * * [r]easonable inferences are permissible; speculation and guesswork are not." *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (internal citations omitted). "The line between a reasonable inference * * * and an impermissible speculation * * * is drawn by the laws of logic." *Id.* (citations omitted). "[W]e have held evidence insufficient to support an inference when the conclusion to be drawn from it requires 'too great an inferential leap'—that is, when the logic is too strained." *Id.* at 468 (quoting *State v. Lopez-Medina*, 143 Or App 195, 201, 923 P2d 1240 (1996)). "Likewise, evidence is insufficient if it requires the stacking of inferences to the point of speculation." *Id.* (citations omitted). Because "the line between permissible inferences and impermissible speculation is 'sometimes faint'" a review of our cases concerning the imposition of attorney fees is helpful for this analysis. *Id.* at 467 (citations omitted). In the

---

[2] We have previously rejected an argument by the state "that *Pendergrapht* and *Kanuch* were wrongly decided and that 'the standard under ORS 161.665 * * * is very low[,]'" and "we decline[d] the state's invitation to revisit" those cases. *State v. Erickson*, 260 Or App 438, 439, 317 P3d 407 (2013).

following cases, the critical distinction is whether there was evidence of the "defendant's existing or potential financial resources" in the record. *Pendergrapht*, 251 Or App at 634.

In *State v. Eshaia*, 253 Or App 676, 291 P3d 805 (2012), *State v. Gensler*, 266 Or App 1, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015), and *State v. Jaimes-Pineda*, 271 Or App 75, 350 P3d 465 (2015), we concluded that the evidence in the record was sufficient to meet the statutory requirement for the imposition of attorney fees. In *Eshaia*, the defendant testified that he was receiving a disability income. 253 Or App at 680-81. In *Gensler*, the "defendant had earned his GED, had attended college (but had not earned a degree), and had taken some college courses while imprisoned in another state." 266 Or App at 13. Additionally, "the stepfather of one of the victims had helped [the] defendant find a job" and the "defendant had had 'odd jobs,' and worked at a 'call center.'" *Id.* Thus, "[t]he evidence of defendant's educational background and his previous employability was sufficient to support the nonspeculative inference that, after his release from prison," the defendant would be able to pay the attorney fees. *Id.* In *Jaimes-Pineda*, the defendant testified that he was "a farm equipment mechanic" and that he "usually finds jobs everywhere when he goes to farms," and while the defendant indicated that he was "on winter layoff," he was "expecting to be going back to work fairly soon in the very near future." 271 Or App at 82 (brackets omitted). We concluded that there was "sufficient evidence in the record to support the court's imposition of attorney fees" and agreed with the state that no plain error occurred "because the record supports an inference that [the] defendant had the ability to pay attorney costs." *Id.* Thus, in the cases noted above affirming the imposition of court-appointed attorney fees, the record reflected that the defendant either had a source of income, an educational background, or the prospect of future employment, and thus, there was sufficient evidence in the record to support a reasonable inference that the defendant was or might be able to pay the attorney fees.

In contrast, in *Pendergrapht*, 251 Or App 630, *Wallace*, 258 Or App 800, and *State v. Hunt*, 271 Or App 347, 350 P3d 521 (2015), we concluded that the record was insufficient to meet the statutorily required factual predicate to

impose attorney fees. In *Pendergrapht*, the defense counsel informed the trial court that the defendant was unable to pay attorney fees because he "did not work and had no money" and the "state did not present any information to the contrary." 251 Or App at 635. In *Wallace*, "the trial court did not find (and, given the record before it, could not have found) that [the] defendant was or might be able to pay the *** attorney fees." 258 Or App at 804. Rather, "[t]he court impermissibly imposed the fees based on the possibility that, through his family members, [the] defendant would somehow be able to pay the attorney fees." *Id.* And in *Hunt*, the defendant's counsel provided the court with information about the "defendant's age, health and alcohol addiction issues, and current employment status" that was "unrelated to [the] defendant's ability to pay the attorney fees ordered by the court." 271 Or App at 352. We concluded that, "[e]ven with that information, it is apparent from the record and not reasonably in dispute that the state failed to present evidence of [the] defendant's ability to pay, and, therefore, the trial court erred[.]" *Id.* In concluding that "the gravity of the error weighs in favor of correcting the error," under plain error review, we noted that the amount of attorney fees imposed by the court was small ($510), but that the "defendant was sentenced to 14 months in prison" and "[t]he record contains no evidence that [defendant] has another source of income or that [defendant] has or will have the capacity to pay the fees." *Id.* at 353. Thus, in cases in which we have reversed the trial court's imposition of court-appointed attorney fees, the record reflected that the state failed to present evidence of a defendant's ability to pay, and the imposition of fees was based on an impermissible speculation of an ability to pay that did not satisfy the terms of the statute.

We conclude that the record in this case fails to support the imposition of attorney fees because there is no evidence in the record of defendant's existing or potential financial resources. As can be seen from our review of the foregoing cases, the record in this case is more similar to the records in *Pendergrapht*, *Wallace*, and *Hunt*. Here, the record does not reflect that defendant either had a source of income, an educational background, or the prospect of future employment, nor does it contain any other indication that defendant had, or might have, the ability to pay the fees.

First, as noted, defendant informed the trial court that she was currently unemployed and the state did not present any evidence of defendant's ability to pay attorney fees. Second, as in *Hunt*, the information in the record about defendant's homelessness, health, drug addiction issues, and family support was provided by defense counsel during sentencing proceedings. Defense counsel stated, "She is no longer homeless and her health has improved, both as a result of getting off the drugs, but she is also now in a home where she can get food and clothing and that sort of thing." This is the only information in the record that is at all arguably related to defendant's ability to pay the attorney fees. As in *Wallace*, where the trial court appeared to impose fees based on the possibility that, through the defendant's family members, the defendant would somehow be able to pay the attorney fees, the imposition of fees here appears to be based on the speculative possibility that defendant would somehow be able to pay the attorney fees because her family would provide her with the necessary financial support. Finally, in its response brief, the state presents the trial court's reasoning as follows: "When the defendant, as here, is a healthy young person with no apparent disabilities and the ordered incarceration is brief, it is not inappropriate speculation for the sentencing court [to] assume that she will [be] able to obtain gainful employment once released." The problem with that analysis is that the trial court made no such observations on the record and, in all events, the record would not support that determination.

In sum, we conclude that the trial court erred by imposing court-appointed attorney fees in this case. By relying on a presumption that defendant could perform minimum wage work, the trial court impermissibly shifted the burden of proof to defendant to prove she cannot pay the fees. Additionally, there is no evidence in the record from which the trial court could have found, without speculating, that defendant had or might acquire the resources to pay the court-appointed attorney fees. Therefore, the trial court erred in imposing court-appointed attorney fees in this case.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.