Submitted February 5, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed March 30, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN FRANK OSBORN,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1302026; A157676

370 P3d 923

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of delivery of methamphetamine, ORS 475.890, and possession of methamphetamine, ORS 475.894, and sentenced to 25 months' imprisonment. Among other terms, he was ordered to pay $707 in court-appointed attorney fees. On appeal, he assigns error to the imposition of attorney fees. He acknowledges that he did not preserve the error but asks us to exercise our discretion under ORAP 5.45(1) to correct it as plain error—as we have done in similar circumstances—because the record contains no evidence to support a finding that he is or may be able to pay the fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the imposition of fees was plainly erroneous under our decision in *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future."). We agree and accept the state's concession. Furthermore, for the reasons stated in *State v. Hunt*, 271 Or App 347, 352-53, 350 P3d 521 (2015)—*viz.*, the gravity of the error, the length of defendant's prison term, and the lack of any evidence of financial resources—we conclude that it is appropriate for us to exercise our discretion to correct the error in this case.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.