Submitted February 23, affirmed October 12, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON MICHAEL MUSGRAVE,
*Defendant-Appellant.*

Washington County Circuit Court
C141085CR; A157499

383 P3d 950

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

In this criminal appeal, defendant's sole contention is that the trial court erred in imposing $629 in attorney fees because there was insufficient evidence to conclude that he "is or may be able" to pay the fees. ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant concedes that his assignment of error is unpreserved but asks that we review it as an error of law apparent on the record. ORAP 5.45(1) (we may consider an error of law that is "apparent on the record"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (describing the "plain error" doctrine). We affirm.

The record reflects that defendant, who was 35 years old at the time of trial, had worked for a labor union since graduating high school. At trial, he stated that he was "laid off" but that he was "still employed to the labor union." When asked to describe his work through the union, defendant stated, in part, that "we're building a new bike road through Milwaukee." Defendant was convicted and sentenced to 18 months' probation and was ordered to pay a $200 minimum fine and $629 in court-appointed attorney fees. As indicated, defendant did not object to the imposition of fees; rather, he asked to be put on a payment plan, which the court allowed.

On appeal, defendant argues that the record is insufficient to support a finding that he had the ability to pay $629 in court-appointed attorney fees. In particular, defendant contends that the record is insufficient in light of the court's pretrial finding that he was indigent and his statement that he was "laid off."

The state, in turn, contends that the court did not err, much less plainly err, by imposing court-appointed attorney fees. It points to evidence that defendant (1) had graduated high school and was a member of a labor union, (2) had indicated that he was "still employed to the labor union," (3) had recently had a job building a bike road, and (4) that the trial court did not sentence defendant to any jail time.

We have previously concluded that the trial court did not commit plain error when imposing court-appointed attorney fees where the record included evidence of the defendant's source of income, educational background, or the prospect of future employment. *State v. Zepeda*, 274 Or App 401, 406, 360 P3d 715 (2015) (describing relevant case law). Our holding in *State v. Jaimes-Pineda*, 271 Or App 75, 350 P3d 465 (2015), is instructive. In that case, the defendant, a "farm equipment mechanic," stated that he was on "winter layoff," but he also indicated that he found work easily and would be returning to work in the near future. *Id.* at 82. Given that the defendant appeared to be readily employable, we concluded that the court could find that the defendant may have been able to pay the fees. *Id.* In reaching that conclusion, we also considered the defendant's 60-day jail sentence, which we determined would delay but not preclude him from working. *Id.*

In this case, as in *Jaimes-Pineda*, defendant's statement that he was currently employed, together with his employment history with the labor union and his probationary sentence, supports a nonspeculative inference that defendant was readily employable and was or might have been able to pay the fees imposed by the court. Accordingly, the trial court did not plainly err by imposing $629 in court-appointed attorney fees.

Affirmed.