Argued and submitted November 25, 2015, affirmed May 17, 2017

Ronald LENN
and Kathleen Lenn,
*Petitioners-Appellants,*

*v.*

LANE COUNTY,
a political subdivision of the
State of Oregon;
and Dennis Bottem,
*Respondents-Respondents.*

Lane County Circuit Court
161214376; A154233

397 P3d 543

Zack P. Mittge argued the cause for appellants. With him on the briefs was Hutchinson, Cox, Coons, Orr & Sherlock, P. C.

Aaron J. Noteboom argued the cause for respondent Dennis Bottem. With him on the briefs was Arnold Gallagher P. C.

No appearance for respondent Lane County.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## ARMSTRONG, P. J.

In this writ of review proceeding, petitioners Ronald and Kathleen Lenn appeal a judgment of the circuit court upholding Lane County's partition of respondent Bottem's property and approval of a second home site on that property under Measure 49 (2007). Petitioners contended in the trial court that the county erred in approving the partition because it depends on access from an existing easement that does not comply with the county's current minimum easement-width standards. The court rejected the contention, concluding that the Lane County Land Use and Development Code (Lane Code or LC) exempted the easement from the generally applicable minimum-width requirement. On appeal, petitioners contend that the court's interpretation of the Lane Code provision is erroneous. Bottem responds that the county's interpretation is a plausible one that is consistent with the text of the provision and that is therefore entitled to deference under *Siporen v. City of Medford*, 349 Or 247, 243 P3d 776 (2010). As an alternative ground for affirmance, Bottem contends that the county's approval must be upheld under Measure 49.[1] In reviewing

---

[1] When the Department of Land Conservation and Development (DLCD) has approved additional home sites on a property under Measure 49, the local government is prohibited from applying its local standards "in a manner that has the effect of prohibiting the establishment of the dwelling * * * unless the standards are reasonably necessary to avoid or abate a nuisance, to protect public health or safety or to carry out federal law." Section 6(8) of Measure 49 provides:

"[I]f [DLCD] has issued a final order with a specific number of home site approvals for a property under this section, the claimant may seek other governmental authorizations required by law for the partition or subdivision of the property or for the development of any dwelling authorized, and a land use regulation enacted by the state or county that has the effect of prohibiting the partition or subdivision, or the dwelling, does not apply to the review of those authorizations."

Or Laws 2007, ch 424, § 6(8). Section 11(1) of Measure 49 provides, in turn:

"A subdivision or partition of property or the establishment of a dwelling on property, authorized under [Measure 49] must comply with all applicable standards governing the siting or development of the dwelling, lot or parcel including, but not limited to, the location, design, construction or size of the dwelling, lot or parcel. However, the standards must not be applied in a manner that has the effect of prohibiting the establishment of the dwelling, lot or parcel authorized under [Measure 49] unless the standards are reasonably necessary to avoid or abate a nuisance, to protect public health or safety or to carry out federal law."

Or Laws 2007, ch 424, § 11(1).

the court's judgment affirming the partition and authorization of the home site for legal error and substantial evidence, ORS 34.040, we agree with Bottem's alternative argument and therefore affirm.

The relevant facts are few and undisputed. Bottem owns approximately 32 acres of land in Lane County, identified as Tax Lot 607. The property is zoned for exclusive farm use and is managed for livestock and hay-crop production. Tax Lot 607 is improved with a single-family residence and outbuildings. Since 1979, access to the property has been over an easement that crosses petitioners' farm/vineyard property to the east from Central Road (the Central Road easement). As it passes through petitioners' property, the easement is 20 feet wide and improved with a 10-foot paved roadway.

Before 2004, the minimum required width for a private-access easement in Lane County was 20 feet. *Former* LC 15.055(4). In 2004, Lane County amended its code to require that a private-access easement serving one to three properties have a minimum width of 30 feet. The applicable code provisions "grandfathered" some existing private-access easements. LC 15.055(4) provides:

> "The minimum width for private access easement shall be of a width determined by the County suitable for the intended use, but in no case less than 30 feet. Notwithstanding this requirement, a pre-existing easement of at least 20 feet in width and serving a lot or parcel created in its present configuration prior to April 28, 2004 is allowable provided it complies with the other requirements of this chapter."

Similarly, LC 15.706 provides that, notwithstanding minimum-width requirements,

> "a pre-existing easement of at least 20 feet in width and serving a lot or parcel created in its present configuration prior to April 28, 2004, is allowable provided it complies with other requirements of this chapter."

In 2010, Bottem's predecessors applied for and obtained a "final order and home site authorization" from the Department of Land Conservation and Development

(DLCD) under Measure 49, authorizing them to partition and apply for a second home site on Tax Lot 607.[2] Based on that order, Bottem filed an application with Lane County seeking to partition Tax Lot 607 to create a parcel of 30.22 acres (Parcel 1), which includes the existing residence, and an unimproved parcel of 1.76 acres (Parcel 2). Bottem filed a separate application for a home site on Parcel 2. As proposed in the applications, the primary change to Parcel 1 would be an adjustment of the property line attributable to carving Parcel 2 out of Parcel 1. Parcel 1 would continue to be served by the Central Road easement; the home site on Parcel 2 would be served by a new easement to Wheaton Lane (the Wheaton Lane easement), which conforms to all current easement-width requirements.

The county planning director issued an order approving the applications for the partition of Tax Lot 607 and the home site on Parcel 2. The planning director found that Parcel 1 would be served by the Central Road easement and that Parcel 2 would have separate access via the Wheaton Lane easement.[3] The planning director's order reasoned that, because another parcel that uses the Central Road easement, Tax Lot 602, had been created in its present configuration before April 28, 2004, the Central Road easement's use for access by Parcel 1 was "grandfathered" as a preexisting easement use under LC 15.055(4). Alternatively, the planning director determined that, if the 30-foot requirement were otherwise applicable, the county was required to waive it under Measure 49.

Petitioners appealed the planning director's determination to a county hearings officer, asserting, among other arguments, that the partition and dwelling should be denied because there would be no legal access to the parcels.

---

[2] The DLCD order stated:

"[T]he claimants are authorized for one additional lot or parcel and one additional dwelling on the property on which the claimants are eligible for Measure 49 relief[.]"

[3] Petitioners correctly note that the county hearings officer's order states that, although Parcel 2 "has legal access via an easement to Wheaton Lane, the Lane Code does not prohibit the occupants of that dwelling from using another existing easement." The hearings officer's reading of the easement documents led him to conclude that Parcel 2 could also have access from the Central Road easement.

The hearings officer rejected petitioners' contentions and upheld the planning director's authorization of the partition and dwelling. The county planning commission upheld the hearings officer's order. On petitioners' request for writ of review of the county's decision, *see* ORS 195.318 (providing for judicial review under ORS 34.010 to 34.100 of a local government's order under Measure 49), the circuit court agreed with the planning director's interpretation of LC 15.055(4) and upheld the county's approval of the partition and home site, and therefore did not reach the waiver question.

The only issue pursued by petitioners on appeal is their contention that the partition should not have been approved because the Central Road easement cannot provide legal access to the existing home site on Parcel 1. It is conceded that the Central Road easement does not satisfy the 30-foot minimum width as it crosses petitioners' property. Petitioners contend that, because Tax Lot 607 is to be reconfigured under the approved partition, the new parcels were not "in [their] present configuration prior to April 28, 2004," and, therefore, the exemption described in LC 15.055(4) does not apply.

In Bottem's view, in determining the applicability of the exemption, the proper focus is on the configuration of the property's connection to the easement. He contends that, because the configuration of the easement's connection to Tax Lot 607 and the easement's use by the single homesite on Parcel 1 are unchanged, the exemption in LC 15.055(4) applies. Bottem further contends that, because the Central Road easement also serves Tax Lot 602, a lot whose present configuration was established before April 28, 2004, the exemption from the 30-foot minimum width applies and allows the easement to continue to provide legal access to Parcel 1 even though Tax Lot 602 is a separate property from the property to be partitioned and developed under Measure 49, *viz.*, Tax Lot 607.

We are skeptical of Bottem's construction of LC 15.055(4).[4] But we need not address its plausibility. That is because we agree with Bottem that the judgment must be

---

[4] The ordinance appears to establish an exemption from the minimum-width requirement *for a lot or parcel to be developed* whose configuration has not changed since April 28, 2004. We are not persuaded by Bottem's contention that

affirmed under Measure 49. Assuming that the exemption from the easement-width requirement described in LC 15.055(4) does not apply, the county nonetheless was required to waive the minimum-width requirement, because application of that requirement would violate the requirement in Measure 49 that the county not apply its code "in a manner that has the effect of prohibiting the establishment of the dwelling, lot or parcel authorized under [Measure 49] unless the standards are reasonably necessary to avoid or abate a nuisance, to protect public health or safety or to carry out federal law." Or Laws 2007, ch 424, § 11(1).

When DLCD approves an additional dwelling under Measure 49, a local government lacks authority to apply its standards in a manner that has the effect of prohibiting the establishment of the dwelling, in the absence of one of the described exceptions.[5] *See Bertsch v. DLCD*, 252 Or App 319, 329, 287 P3d 1162 (2012). Petitioners assert, as they did before the county, that the use of the Central Road easement for access to the property would both be a nuisance and violate public health and safety. But the record includes staff reports that support the planning director's determination that none of the exceptions is applicable.[6] We conclude that

the configuration of the easement or the existence of another parcel using the easement has any bearing on the easement's use for access to Parcel 1.

[5] Similar exceptions are codified at ORS 195.305(3), which exempts from application of the "just compensation" provision of Measure 49 land use regulations:

"(a) That restrict or prohibit activities commonly and historically recognized as public nuisances under common law;

"(b) That restrict or prohibit activities for the protection of public health and safety[.]"

DLCD's order stated:

"The establishment of a land division or dwelling based on this home site authorization must comply with all applicable standards governing the siting or development of land divisions or dwellings. However, those standards must not be applied in a manner that prohibits the establishment of the land division or dwelling, unless the standards are reasonably necessary to avoid or abate a nuisance, to protect public health or safety, or to carry out federal law.

"* * * This home site authorization will not authorize the establishment of a land division or dwelling in violation of a land use regulation described in ORS 195.305(3)[.]"

[6] We note, additionally, that DLCD concluded:

"Based on the documentation submitted by the claimants, it does not appear that the establishment of the two home sites for which the claimants

those reports provide substantial evidence that the continued use of the Central Road easement by Parcel 1 would not constitute a nuisance or a threat to public health or safety. *See* ORS 34.040 (describing substantial evidence standard of review).

Petitioners point out that, under Measure 49, a waiver of local standards is required only when application of the standards would have the effect of *prohibiting* the creation of the lot. Here, petitioners contend, Bottem has chosen the Central Road easement because he prefers it, not because there is no other access available. Referring to aerial photos and a map of the subject property, petitioners contend that it is obvious that other access is available to Parcel 1. Thus, petitioners contend, Bottem has not established that a waiver of the easement-width standards is necessary to avoid prohibiting the partition.

We reject the argument here because petitioner did not raise it at the county level.[7] As the proponents of the

may qualify on the property is prohibited by land use regulations described in ORS 195.305(3)."

Lane Code section 5.720 defines a nuisance as including but not limited to "any annoying, unpleasant, or obnoxious condition or practice causing an unreasonable threat to the public health, safety and welfare and defined as a nuisance in LC 5.720 through 5.750." The county, in adopting the staff report, found that none of those circumstances exists.

Petitioners do not challenge that finding, but they contend that any use that is inconsistent with a provision of the Lane Code is a nuisance as a matter of law, citing LC 15.950(5), which provides that "[a]ny use which is established *** or maintained contrary to the requirements of this chapter shall be and is hereby declared to be unlawful and a public nuisance, and may be abated as such." Petitioners also cite ORS 203.065(3), which provides that "[e]very act or thing done, or anything existing within the limits of a county which is declared by an ordinance of the county *** to be a nuisance, shall constitute a nuisance and may be regarded as such in all actions, suits and proceedings." Together, petitioners contend, LC 15.950(5) and ORS 203.065(3) require the conclusion that the failure to comply with LC 15.044(4) is a nuisance as a matter of law. However, Measure 49, by its terms, authorizes the establishment of lots or parcels that are prohibited by existing code requirements, and thereby precludes application of LC 15.950(5) in that context.

[7] At the county level, petitioners did not dispute that Bottem had no other access; in fact, they argued that the partition and dwelling should not be approved because Bottem had *no* legal access. As to whether Measure 49 required waiver of the minimum-width requirement, petitioners contended that the requirement could not be waived because the minimum width was necessary for the protection of public health and safety and to avoid a nuisance. The hearings officer made findings rejecting that contention and also explicitly noted a condition in DLCD's Measure 49 approval that "forbids Lane County from applying land division and

argument that there should be no Measure 49 waiver because application of the minimum-width requirement would not prohibit the partition or the dwelling, petitioners bore the burden of persuasion and of making a record before the county. *See State v. T. M.*, 229 Or App 325, 331, 211 P3d 359 (2009) (party seeking relief bears burden of proving facts on which that relief is conditioned) (citing *Benaman v. Andrews*, 213 Or App 467, 476, 162 P3d 280 (2007)); *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (same). Petitioners have not referred to any evidence in the record that compels the finding that Bottem has other legal access to Parcel 1. Accordingly, we conclude that petitioners have not shown error in the county's approval under Measure 49.

Affirmed.

---

dwelling standards that would prohibit the land division or dwelling unless the standards are reasonably necessary to avoid or abate a nuisance, to protect public health or safety, or to carry out federal law."

It was not until the writ of review proceeding that petitioners raised their argument that application of the minimum-width requirement would not prohibit the land division or dwelling, contending for the first time that "there is no evidence that Respondent Bottem cannot provide lawful access that conforms to the applicable standards, only that he refused to do so." The trial court did not reach that argument, having determined that the subject property was exempt from the minimum-width requirement based on the court's interpretation of the Lane Code.