STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON SCOTT WILLIAMS,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF130135; A154616

352 P3d 742

Peter Gartlan, Chief Defender, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Lysne, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160(3), menacing, ORS 163.190, and interference with making a report, ORS 165.572. He was sentenced to a total of five years in prison and two years of post-prison supervision. We write to address only defendant's assignment of error regarding the imposition of $550 in court-appointed attorney fees. We reject defendant's remaining assignments of error without written discussion.

As to the attorney fees, defendant argues that the trial court committed plain error when it ordered him to pay those fees without first considering his ability to pay. The state concedes that, based on Oregon case law, the trial court erred, but argues that we should not exercise our discretion to review that error because the record shows that defendant is able-bodied based on how he assaulted the victim and, thus, may be able to work; the amount of fees does not make the error grave; reversing may result in a windfall to defendant of avoiding accrued interest; and defendant could seek relief from paying the fees if it imposes a "manifest hardship," ORS 161.665(5). *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (in determining whether to exercise our discretion to correct plain error, we consider, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way").

We agree with the parties that the trial court committed plain error when it ordered defendant to pay $550 in court-appointed attorney fees without considering his ability to pay. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that imposition of court-appointed attorney fees is plain error when the record is silent as to the defendant's ability to pay the fees ordered). However, we disagree with the state's other arguments and, specifically, we decline the state's invitation to infer an ability to pay from defendant's physical ability to commit the crime of which he was convicted. We conclude that it is appropriate to exercise our discretion to correct the error in this case because

defendant will be incarcerated for five years, the amount is not so small that it would not present a significant burden to a person without means, and the record is devoid of any evidence regarding defendant's ability to pay. *See, e.g., State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (reversing as plain error $980 in court-appointed attorney fees based on the amount of fees, five-year prison term, and lack of evidence in the record suggesting that defendant would be able to pay the fees). *Cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491, *rev den*, 355 Or 751 (2014) (declining to exercise plain error review of $510 in court-appointed attorney fees because amount was not substantial given that defendant's probationary sentence did not prevent him from working, and he had agreed to the state's recommendation of the same amount of attorney fees for a different charge sentenced at the same time). Accordingly, we reverse that portion of the judgment.

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.