Submitted June 25, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed August 12, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK STEPHEN TISCORNIA,
*Defendant-Appellant.*

Benton County Circuit Court
CM1320811; A155368

358 P3d 326

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Defendant, who was convicted of first-degree burglary and possession of methamphetamine and sentenced to 36 months in prison, challenges the trial court's imposition of $980 in court-appointed attorney fees. He argues that the trial court erred in ordering him to pay those attorney fees without making any determination—and where the record is silent—as to whether he "is or may be able" to pay those costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant acknowledges that he did not preserve his claim of error but urges us to review and correct the error as an "error of law apparent on the record." ORAP 5.45(1); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (describing requirements for plain-error review under ORAP 5.45(1)).

In response, the state argues that the trial court "did not err, let alone plainly err, by imposing fees, because the record demonstrates that defendant had been employed two years prior to his arrest." According to the state, defendant "is therefore employable and may be able to pay the relatively small amount of $980 at some point in the future."

The state's argument notwithstanding, this case cannot be meaningfully distinguished from others in which we have concluded that the trial court plainly erred by imposing attorney fees in the absence of any evidence that a defendant "is or may be able" to pay them. *See, e.g., State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d 338 (2014) (explaining that, "although $400 may not be a substantial amount to pay for some defendants, it is for this defendant"; "while there is some speculative evidence that defendant might find work in the future, the actual evidence is to the contrary"). The actual evidence in this case—that defendant was "working on houses, cleaning them" for a specific person "a couple of years ago"—does not give rise to any reasonable inference about defendant's financial resources or employability at the time of sentencing or in the future.

*See State v. Mejia-Espinoza*, 267 Or App 682, 684, 341 P3d 180 (2014), *rev den*, 357 Or 164 (2015) ("Although the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historic earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment (including, especially, as a firefighter) will be plausibly available to defendant following his release."). Thus, we conclude, as we did in *Ramirez-Hernandez* and *Mejia-Espinoza*, that the trial court plainly erred in imposing attorney fees on a record that does not include any evidence that defendant "is or may be able" to pay them.

The remaining question is whether we should exercise our discretion to correct the error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (setting out a nonexclusive list of factors for a court to consider when deciding whether to exercise discretion to correct plain error). The state contends that the imposition of fees, even if plainly erroneous, does not merit reversal for reasons of judicial economy—including that, "to the extent any error significantly harmed defendant, relief is available from the trial court." That is, the state contends that, "if defendant is, in fact, unable to pay the $980, defendant may 'petition the court for remission of the payment of costs or any unpaid portion of the costs' pursuant to ORS 151.505(4)."[1]

---

[1] ORS 151.505(4) provides:

"A person who has been required to pay costs under this section and who is not in contumacious default in the payment of the costs may at any time petition the court for remission of the payment of costs or any unpaid portion of the costs. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the person ordered to repay or on the immediate family of the person, the court may enter a supplemental judgment that remits all or part of the amount due or modifies the method of payment."

Similarly, ORS 161.665(5) provides:

"A defendant who has been sentenced to pay costs under this section and who is not in contumacious default in the payment of costs may at any time petition the court that sentenced the defendant for remission of the payment of costs or of any unpaid portion of costs. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the immediate family of the defendant, the court may enter a supplemental judgment that remits all or part of the amount due in costs, or modifies the method of payment under ORS 161.675."

In several published decisions, we have expressly identified and rejected that same argument. *See, e.g., State v. Williams*, 271 Or App 693, 694, 352 P3d 742 (2015) (exercising discretion to correct plain error in imposing attorney fees, over the state's objection that "defendant could seek relief from paying the fees if it imposes a 'manifest hardship,' ORS 161.665(5)"); *Ramirez-Hernandez*, 264 Or App at 349 (exercising discretion to correct plain error in imposing attorney fees, over "the state's suggestion that the error is not grave because defendant could petition the court to reduce or eliminate the fees if they ultimately create a substantial hardship"); *State v. Coverstone*, 260 Or App 714, 717, 320 P3d 670 (2014) (exercising discretion to correct the same plain error, notwithstanding "the state's suggestion that the error is not grave because defendant could petition the court to reduce or eliminate the $8,000 obligation if it ultimately imposed a substantial hardship on him"). Moreover, the same consideration—the defendant's ability to petition the trial court for relief from fees that impose a manifest hardship—has been present (whether identified by the state or not) in every case like this in which the court has erroneously imposed attorney fees, and we have never found it to persuasively militate against the exercise of our discretion to correct the error before us. The state does not explain why this case is any different, let alone argue that our previous cases were wrongly decided. Accordingly, we exercise our discretion to correct the trial court's error, for reasons similar to those expressed in *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (reversing as plain error the imposition of $980 in court-appointed attorney fees based on the amount of fees, the five-year prison term, and the lack of evidence in the record suggesting that defendant would be able to pay the fees).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.