## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GEORGE ALBERT FLAGG, III,
*Defendant-Appellant.*

Washington County Circuit Court
C122763CR; A155651

360 P3d 1288

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

The trial court sentenced defendant, who was convicted of multiple sex offenses, to a total of 350 months in prison and ordered him to pay $4,600 in fines and $2,976 in court-appointed attorney fees. On appeal, defendant asserts that the trial court committed plain error by imposing the court-appointed attorney fees and that we should exercise our discretion to correct the error.[1] *See* ORAP 5.45(1) (an appellate court has discretion to review errors of law apparent on the record); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (describing requirements for plain error review under ORAP 5.45(1)). The state concedes that the trial court committed plain error. We agree with the parties that the trial court erred by imposing the fees and conclude that it is appropriate for us to exercise our discretion to correct the error, as we have in similar cases. That is because—given defendant's indigence, the amount of the fees, and defendant's prison sentence—the error is grave and because this is not a case in which the trial court could have made the necessary findings had the issue been brought to the court's attention. *See* ORS 151.505(3) (a court cannot require a defendant to pay court-appointed attorney fees unless the defendant "is or may be able to pay" the fees); ORS 161.665(4) (same); *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) (a court cannot impose court-appointed attorney fees based on a record that is silent regarding the defendant's ability to pay the fees); *see also State v. Tiscornia*, 272 Or App 753, 757, 358 P3d 326 (2015) (reversing as plain error imposition of $980 in court-appointed attorney fees on a defendant who was sentenced to 36 months in prison); *State v. Coverstone*, 260 Or App 714, 716-17, 320 P3d 670 (2014) (reversing as plain error the trial court's imposition of $8,000 in court-appointed attorney fees on a defendant who was sentenced to 375 months in prison).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] Defendant also assigns error to the trial court's failure to sustain his objection to a statement made by the prosecutor during closing argument and its failure to require unanimous jury verdicts. We reject those assignments without written discussion.