## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSEPH STEVEN BOSS,
*Defendant-Appellant.*

Washington County Circuit Court
C130161CR, C131463CR;
A157368 (Control), A157369

374 P3d 1013

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**EGAN, J.**

Defendant appeals a judgment of conviction for second-degree assault (Count 1), ORS 163.175, and unlawful use of a weapon (Count 2), ORS 166.220(1)(a), in case C130161CR, and a judgment of conviction for tampering with a witness, ORS 162.285, in case C131463CR. In case C130161CR, on Count 1, defendant was sentenced 70 months in prison and 36 months of post-prison supervision. On Count 2, defendant was sentenced to 24 months in prison to be served concurrently and 24 months of post-prison supervision. Among other terms, the trial court also ordered defendant to pay $13,525 in court-appointed attorney fees. In case C131463CR, defendant was sentenced to a consecutive prison term of 25 months in prison and 24 months of post-prison supervision. We write to address defendant's assignment of error to the court's imposition of $13,525 in court-appointed attorney fees in case C130161CR. We reject defendant's remaining assignments of error without written discussion.

As to the attorney fees, defendant acknowledges that he did not preserve his claim of error, but contends that we should exercise our discretion under ORAP 5.45(1) to correct the error because the trial court ordered him to pay those fees on a record that is silent about his ability to pay them. The state responds that the trial court did not plainly err in imposing the attorney fees because the record contains evidence that defendant is or may be able to pay. The state argues that, around the time of the assault, defendant had been employed and looking for other work. At sentencing, in connection with his explanation of his actions toward the victim on a day before the day of the assault, defendant had stated:

> "I worked at a place called Global Solutions. I sold live personal training on the Internet. It was something that I was able to do, because I like to work out. I like health and I like fitness. That was the job I had on December 28th, and I got paid and I got off early[.]"

The state also points to evidence that defendant had introduced at trial in his defense. That evidence was that defendant had been on a computer at the time of the assault, and

that, among other things, he had been looking at online job postings. The state argues that, "[f]rom that evidence, the trial court could determine that defendant was or could be able to pay fees" and that, "[a]t a minimum, that evidence means that any error by the trial court is not apparent on the face of the record."

We conclude that the trial court did plainly err in imposing $13,525 in court-appointed attorney fees. The state bears the burden of proving that a defendant is or may be able to pay attorney fees. *State v. Belen*, 277 Or App 47, 58, 369 P3d 438 (2016). Here, the state presented no evidence that defendant possessed assets sufficient to satisfy such an award of fees, that he would receive income during his lengthy incarceration, or that he plausibly would be able to obtain employment sufficient to pay the fees on his release. *See id.* at 58-59 (reversing as plain error imposition of $8,000 in attorney fees because evidence that the defendant had previously worked in a grocery store and for a windshield cleaning company was insufficient to support a finding that defendant was or might be able to pay the fees); *State v. Tiscornia*, 272 Or App 753, 755-56, 358 P3d 326 (2015) (reversing as plain error imposition of $980 in attorney fees because evidence that the defendant had cleaned houses "a couple of years ago" "does not give rise to any reasonable inference about defendant's financial resources or employability at the time of sentencing or in the future"); *State v. Mejia-Espinoza*, 267 Or App 682, 684, 341 P3d 180 (2014), *rev den*, 357 Or 164 (2015) (reversing as plain error imposition of $6,000 in attorney fees because evidence that the defendant had previously been employed as a field worker and a firefighter was not "sufficient evidence to support a finding that [the] defendant was or might be able to pay the court-appointed attorney fees").

Additionally, for the reasons identified in *Belen* and *Mejia-Espinoza*, we conclude that it is appropriate to exercise our discretion to correct the error in this case. In particular, the error here is grave—$13,525 is a substantial sum—defendant was sentenced to 95 months in prison, and the record contains no evidence that defendant was able, or might be able, to pay such a sum. *See, e.g., Belen*, 277 Or App at 59 (exercising discretion to correct error imposing $8,000

in attorney fees where sum was substantial, the defendant was sentenced to 202 months in prison, and the record contained no evidence of his ability to pay); *Mejia-Espinoza*, 267 Or App at 684-85 (exercising discretion to correct error imposing $6,000 in attorney fees where sum was substantial and record contained no evidence that defendant was able, or might be able, to pay the fees). Accordingly, we reverse that portion of the judgment.

In case C130161CR, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed. In case C131463CR, affirmed.