Submitted April 28, affirmed June 2, petition for review denied
September 15, 2016 (360 or 401)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## EDGAR HERNANDEZ-CAMACHO,
*Defendant-Appellant.*

Washington County Circuit Court
C130423CR; A157700

375 P3d 588

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

In this criminal appeal, defendant challenges the imposition of court-appointed attorney fees and a term in the judgment of conviction that merged guilty verdicts into a single first-degree sexual abuse conviction "for sentencing purposes." Shortly after briefing was completed in this appeal, the trial court entered an amended judgment that merged the guilty verdicts into a single conviction and removed any reference to "for sentencing purposes." Accordingly, defendant's second assignment of error is moot, and we do not address it. *See Dept. of Human Services v. B. A.*, 263 Or App 675, 678, 330 P3d 47 (2014) ("A case is moot when it involves a matter that no longer is a controversy between the parties."). Thus, we address only defendant's challenge to the trial court's imposition of attorney fees.

Defendant, who was sentenced to 150 months' imprisonment, complains that the court erred when it imposed $3,095 in court-appointed attorney fees without sufficient evidence in the record to support a finding that defendant "is or may be able to pay" those fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant failed to preserve that claim of error but urges us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (describing "plain error" doctrine).

The state asserts that the trial court did not err at all, and certainly did not commit plain error. In the state's view, the record contained enough evidence to support a finding that defendant may be able to pay his attorney fees once released from prison. In particular, the state points to evidence that defendant (1) had earned a high school diploma and had attended some college in Mexico, (2) had earned a GED and learned English while in jail, and (3) had an extensive and consistent work history (including

evidence that he had started his own landscaping company). Furthermore, there was evidence that defendant "said he always had enough money to make ends meet and has no debt."

In support of its position, the state relies on *State v. Gensler*, 266 Or App 1, 12-13, 337 P3d 890 (2014), *rev den*, 356 Or 689 (2015). In *Gensler*, the record demonstrated that the defendant had earned his GED, had attended some college, and had taken some college courses while imprisoned in another state. There was testimony that the stepfather of one of the defendant's victims had secured a job for the defendant relatively recently, and further, the defendant's father testified that, at some point, the defendant had had "odd jobs" and worked at a "call center." *Id.* at 13. Based on that record, the trial court concluded that, although the defendant did not have a present ability to pay, he would be able to pay the fees after serving 175 months' imprisonment. We concluded that "[t]he evidence of defendant's educational background and his previous employability was sufficient to support the nonspeculative inference that, after his release from prison, defendant will be able to pay the attorney fee award of $1,300 in each case." *Id.*; *see also State v. Dylla*, 275 Or App 652, 653-54, 365 P3d 662 (2015) (concluding that a reasonable inference of defendant's ability to pay was supported by evidence of defendant's long employment history, a current job offer, associate's degree, ability to meet child-support payments, and a short jail sentence); *State v. Zepeda*, 274 Or App 401, 406, 360 P3d 715 (2015) (noting that in cases in which we have affirmed the imposition of court-appointed attorney fees, "the record reflected that the defendant either had a source of income, an educational background, or the prospect of future employment").

Defendant points to *State v. Mejia-Espinoza*, 267 Or App 682, 683-84, 341 P3d 180 (2014), *rev den*, 357 Or 164 (2015). In that case, the defendant was sentenced to 200 months' imprisonment and ordered to pay $6,000 in court-appointed attorney fees. The only evidence in the record that related to the defendant's "ability to pay" was evidence that the defendant had done "[f]ield work, picking different kinds of fruits[,] and that he had been a firefighter." *Id.* at

683 (internal quotation marks omitted). We concluded that the trial court's imposition of fees was plain error because "[t]here is no evidence that, as of the time of sentencing, defendant possessed assets sufficient to satisfy the award of fees or that he would receive income during his lengthy incarceration that could be applied toward that obligation." *Id.* at 684. We noted that

> "[a]lthough the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historic earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment (including especially, as a firefighter) will be plausibly available to defendant following his release."

*Id.*

More recently, we relied on *Mejia-Espinoza* to hold that evidence that a defendant has worked some in the past is not sufficient, without more, to give rise to a reasonable inference about a defendant's financial resources or employability at the time of sentencing or in the future. For example, in *State v. Tiscornia*, 272 Or App 753, 755, 358 P3d 326 (2015), the only evidence in the record related to the defendant's ability to pay showed that the defendant had been "working on houses, cleaning them" for a specific person "a couple of years ago." We concluded that the court committed plain error in imposing $980 in court-appointed attorney fees based on that record because it did not give rise to a reasonable inference that the defendant "is or may be able" to pay court-appointed attorney fees. *Id.* Similarly, in *State v. Belen*, 277 Or App 47, 57, 369 P3d 438 (2016), the record reflected only that the defendant had worked in a grocery store five years before sentencing, and at some point later, had worked for a windshield cleaning company. Again, that evidence was insufficient to give rise to a reasonable inference about the defendant's financial resources or employability at the time of sentencing or in the future. Accordingly, the trial court committed plain error when it imposed $8,000 in court-appointed attorney fees on the defendant. *Id.* at 58; *see also State v. Boss*, 278 Or App 380, 374 P3d 1013 (2016) (trial court plainly erred by imposing $13,525 in court-appointed

attorney fees when the only evidence in the record was that the defendant had a job at the time of the crime and had been looking at online job postings on a computer).

In this case, we conclude that the trial court did not commit plain error. Here, unlike *Mejia-Espinoza, Tiscornia,* and *Belen,* the record contains evidence that defendant had a long employment history, including evidence that he was consistently employed and had owned his own business. Further, the record also showed that defendant had an "educational background," no debt, and had "always had enough money to make ends meet." Therefore, the record in this case contains more evidence regarding defendant's ability to pay than the record in *Gensler*—where, in a preserved posture, evidence of the defendant's previous employability and educational background was enough to support the trial court's imposition of fees. Accordingly, the record here is sufficient to permit a nonspeculative inference that, after his release from prison, defendant may be able to pay the attorney fees imposed in this case; thus, the trial court did not plainly err in imposing $3,095 in court-appointed attorney fees. *See State v. Larson,* 222 Or App 498, 505 n 4, 193 P3d 1042, *rev den,* 345 Or 503 (2008) (holding that the trial court did not plainly err in ordering attorney fees because "it could be inferred from the record that defendant did have sufficient assets to pay the awarded defense costs").

Affirmed.