Submitted March 29; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed May 24, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM GEORGE NOYCE,
*Defendant-Appellant.*

Coos County Circuit Court
15CR0659; A160119

399 P3d 484

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

In this criminal appeal, defendant assigns error to the trial court's imposition of $80 in court-appointed attorney fees because the record was silent as to whether he "is or may be able to pay" the costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) (containing a similar provision); *see also* ORAP 5.45(1) (authorizing review of "plain error"); *State v. Coverstone,* 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences. *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990).

The state disputes the presence of "plain error," arguing that, because "the record reflects that defendant owned a truck," it is at least "reasonably in dispute" that defendant "is or may be able to pay" the "relatively small sum of $80," and because defendant's "application for court-appointed [counsel] may have included information concerning his ability to pay."

We conclude that the trial court plainly erred in imposing attorney fees because there is no affirmative indication that the court made the determination required by statute, and the record is silent as to defendant's ability to pay. *State v. Runnels,* 283 Or App 512, 515-16, 390 P3d 1120 (2017). The mere fact that defendant "owned a truck" does not demonstrate an ability to pay, and the record does not contain defendant's application for court-appointed counsel. Accordingly, the record was silent as to defendant's ability to pay and the court committed plain error by imposing attorney fees in that circumstance.

We also conclude that it is appropriate to exercise our discretion to correct that error because the fee amount is sufficiently grave when considered with other provisions

of the judgment—specifically, the imposition of $500 in fines, a provision that the court would automatically impose a "payment schedule assessment fee" if defendant did not pay his monetary obligations within 30 days, and a provision that defendant pay a "28 percent collection referral fee" if the obligation is referred to a collection agency. *See State v. Housego*, 276 Or App 550, 552, 368 P3d 62 (2016) (exercising discretion in similar circumstances).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.