Submitted May 18; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed July 6, 2017

STATE OF OREGON,
*Plaintiff-Respondent*

*v.*

ANDRES ENRIQUE MENDOZA,
*Defendant-Appellant.*

Washington County Circuit Court
C151016CR; A161051

401 P3d 288

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## ORTEGA, P. J.

Defendant waived a jury trial and pleaded guilty to two counts of attempted first-degree assault with a firearm, ORS 163.185, and one count of unlawful use of a weapon with a firearm, ORS 166.220(1)(a). In his plea petition, defendant stipulated to the sentence of 72 months' imprisonment imposed by the trial court but not to the imposition of $1,858 in court-appointed attorney fees. On appeal, he asserts that the court erred when it imposed those fees without sufficient evidence in the record to support a finding that defendant "is or may be able to pay" them. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant acknowledges that he did not preserve the claimed error but asks us to review the trial court's imposition of court-appointed attorney fees as plain error. *See* ORAP 5.45(1) ("[T]he appellate court may, in its discretion, consider a plain error."). For the following reasons, we reverse the portion of the judgment imposing attorney fees and otherwise affirm.

In the absence of legally sufficient evidence that the defendant has the ability to pay the amount imposed, it is plain error for a trial court to require a defendant to pay court-appointed attorney fees. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014). "A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012). It is the state's burden to prove that a defendant "is or may be able to pay" attorney fees. *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009).

The court's inquiry of defendant's ability to pay attorney fees was limited to the following colloquy:

"THE COURT:  Any reason to believe that you won't be able to pay back the fines and fees once you get released from custody? In other words, are you able to get a job and do those things?

"THE DEFENDANT: I'm not sure. I cannot foresee the future, but I—

"THE COURT: I understand that, but is there any reason to believe that you can't get a job? Are you able to work—

"THE DEFENDANT: Well, with these felony—

"THE COURT: No disabilities or—

"THE DEFENDANT: Oh. I will be able to work, yeah.

"THE COURT: Okay. All right. Is it your intent to get a job when you—

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Okay. I'll impose $1,858 in court-appointed attorney fees and a $200 fine."

Defendant did not object to the imposition of attorney fees. Nevertheless, in defendant's view, the trial court plainly erred because the record is devoid of anything concerning his current or future financial circumstances and the most it could have gleaned from the record is that he is able-bodied. He argues that that is insufficient and that he was and will continue to be without financial resources due to his six-year prison sentence. Also, according to defendant, the record lacks any indication that his financial circumstances will improve once he is released from prison and that, as he tried to tell the court at the sentencing hearing, his felony convictions may well hamper his ability to work after prison. The state replies that defendant's belief that he would be able to work when he was released from prison is sufficient evidence to reasonably infer that he may be able to pay the attorney fees and that, in any event, it is not obvious that imposing attorney fees based on that evidence is error.

For us to sustain an order to pay the costs of court-appointed counsel in a criminal case on plain error review, the record must contain evidence that permits an objective, nonspeculative assessment of the defendant's present or future capacity to pay court-appointed attorney fees. Such evidence may consist of information about the defendant's financial resources, educational background, work history, and anticipated future employment or educational status,

to the extent there is a nonspeculative basis for assessing that future status. Thus, for example, in *State v. Gensler*, 266 Or App 1, 13, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015), we concluded that the trial court's imposition of fees was supported by evidence of the defendant's educational background and previous employability. Likewise, in *State v. Jaimes-Pineda*, 271 Or App 75, 82, 350 P3d 465 (2015), we concluded that the trial court did not plainly error in imposing attorney fees because the defendant was readily employable due to the fact he was able to easily find employment as a farm equipment mechanic. More recently, in *State v. Hernandez-Camacho*, 278 Or App 565, 569, 375 P3d 588, *rev den*, 360 Or 401 (2016), we came to a similar conclusion where the record included evidence of the defendant's long history of consistent employment and that he had owned his own business. Those cases illustrate that we have affirmed the imposition of court-appointed attorney fees when the record reflects "that the defendant either had a source of income, an educational background, or the prospect of future employment." *State v. Zepeda*, 274 Or App 401, 406, 360 P3d 715 (2015).

In contrast, we have reversed the imposition of attorney fees as plain error where the record lacked such evidence of an ability to pay. For example, in *State v. Mejia-Espinoza*, 267 Or App 682, 683-84, 341 P3d 180 (2014), *rev den*, 357 Or 164 (2015), the evidence in the record concerning the defendant's "ability to pay" was limited to the facts that the defendant's work history included fruit picking and that he had been a firefighter. In concluding that the trial court's imposition of fees was plain error, we observed that, although "the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historic earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment (including especially, as a firefighter) will be plausibly available to defendant following his release." *Id.* at 684; *see also State v. Tiscornia*, 272 Or App 753, 755, 358 P3d 326 (2015) (relying on *Mejia-Espinoza*, concluding that it was plain error for the trial court to impose court-appointed attorney fees when the only

evidence of defendant's prior employment was that he had "work[ed] on houses, cleaning them" for a specific person "a couple of years ago"); *State v. Belen*, 277 Or App 47, 57-58, 369 P3d 438 (2016) (also relying on *Mejia-Espinoza*, concluding that trial court plainly erred in imposing attorney fees on a record indicating that defendant had worked in a grocery store five years before he was sentenced, and at some point later, had cleaned windshields); *State v. Boss*, 278 Or App 380, 374 P3d 1013, *rev den*, 360 Or 400 (2016) (the only evidence of ability to pay in the record was that defendant had a job at the time of the crime and had been looking at online job postings).

In this case, in contrast to many of the cases involving a challenge to the imposition of court-appointed fees,[1] the trial court embarked on the statutorily required inquiry to assess defendant's present or future capacity to pay the costs of court-appointed counsel before ordering defendant to pay those fees. *See State v. Mickow*, 277 Or App 497, 499-500, 371 P3d 1275 (2016). Nevertheless, the evidence that the court's inquiry elicited did not allow a nonspeculative, objective assessment of defendant's present or future capacity to pay fees. The questions the court posed to defendant— framed as to whether anything impeded defendant's ability to pay fees when released from prison and asking defendant to verify that he was not disabled—were inadequate to the task of eliciting evidence of defendant's education, sources of income, and earning potential. A defendant's acknowledgment that he intends to seek work after a six-year prison sentence is not sufficient to permit an inference of such an ability to pay, nor is the absence of a disability the metric of an ability to do so. In this case, concrete evidence was required to permit a reasonable inference that this 17-year-old defendant now has or may have, after serving a six-year sentence for felony convictions, employment available to him or the financial resources to allow him to pay fees. Any finding otherwise is guesswork. Because the record lacks evidence that defendant has or may have the ability to pay the attorney fees, the trial court's imposition of the fees was plain error.

---

[1] *See, e.g.*, *Coverstone*, 260 Or App at 716.

Moreover, for reasons similar to those articulated in *Tiscornia*, we exercise our discretion to the correct the plain error. 272 Or App at 757. In light of the fee amount of $1,858, the six-year prison term, defendant's felony convictions, and the lack of any evidence regarding defendant's financial status or prospects of future employment, the error's gravity weighs in favor of us correcting it. Accordingly, we reverse the portion of the judgment requiring defendant to pay $1,858 in court-appointed attorney fees.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.