ORTEGA, P. J.
*812 In this criminal case, defendant was convicted of second-degree robbery and second-degree theft, sentenced to 70 months' imprisonment, and ordered to pay $2,020 in court-appointed attorney fees. In his sole assignment of error, defendant challenges the trial court's order, to which he objected below, that he pay the attorney fees. He asserts that there is no evidence in the record that he "is or may be able" to pay those costs of his defense. ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). We agree and reverse.
After defendant objected to the imposition of attorney fees, the trial court conducted the following inquiry into his ability to pay:
"THE COURT: [Defendant], what's your employment history?
"THE DEFENDANT: I haven't worked for three years. I was a stay-at-home dad with my daughters. I became homeless. I lost my kids. I lost their mom to drug addiction, so it was just me to care for them. I couldn't care for them. They went to their grandmother. I just want to say that I just-I mean, I'll try to pay for them, you know, when I get out. I mean, if there's-what's right is right is right, you know what I mean? You know? I just don't want to-but I just wanted to say that I'm guilty of the theft, I just-I mean, even though they found me guilty of Robbery I don't understand why I'm guilty of Robbery.
"THE COURT: You're in good health?
"THE DEFENDANT: Yes, sir.
"THE COURT: How far did you go in school?
"THE DEFENDANT: I got my GED while I was in prison. But I'm educating myself, you know, bettering myself. He's right, you know, I have a lot of arrests, you know, but I ain't no fuck-up, but I just want to try to-I better try to better myself somehow because in and out of prison and jail is not a lifestyle.
*813 "THE COURT: Well, the Court's going to find-the Court will find that you are going to have the ability to have gainful employment once you get out. You're a young man, you're in good health. Other than your decision-making, frankly, you appear to be a pretty bright guy. So I'm going to send that $2,020 and the $200 fee to the Department of [Revenue] for collection."
The state asserts that defendant's "willingness to try to repay and his belief that he ought to do so" are sufficient facts to support the trial court's finding that defendant had the ability to pay the fees. Although the state concedes that, "as a general matter, it is too speculative to make a determination of a future ability to pay based merely on a few generic attributes like the person's youth or good health," the trial court's engagement with the issue resulted in a "more particularized determination" that defendant "was committed to turning his life around and was willing to repay the fees because he believed it was the right thing to do." We disagree with the state that the record supports the trial court's determination that defendant has or may have the ability to pay the attorney fees.
*480 "A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." State v. Pendergrapht , 251 Or. App. 630, 634, 284 P.3d 573 (2012). It is the state's burden to prove that a defendant "is or may be able to pay" attorney fees. State v. Kanuch , 231 Or. App. 20, 24, 217 P.3d 1082 (2009). In the plain error context, in State v. Mendoza , 286 Or. App. 548, 549-50, 401 P.3d 288 (2017), we rejected an argument from the state similar to the one it makes here. In that case, before imposing $1,858 in court-appointed attorney fees, the trial court engaged in a colloquy with the defendant that resulted in the defendant acknowledging that he lacked any physical disabilities that would prevent him working and that he intended to get a job after serving his 72-month imprisonment sentence. We said that,
"[f]or us to sustain an order to pay the costs of court-appointed counsel in a criminal case on plain error review, the record must contain evidence that permits an objective, nonspeculative assessment of the defendant's present or future capacity to pay court-appointed attorney fees. Such *814 evidence may consist of information about the defendant's financial resources, educational background, work history, and anticipated future employment or educational status, to the extent there is a nonspeculative basis for assessing that future status."
Id. at 550-51, 401 P.3d 288. Noting that the trial court "embarked on the statutorily required inquiry to assess defendant's present or future capacity to pay the costs of court-appointed counsel before ordering defendant to pay those fees," we concluded that the court's inquiry nevertheless failed to "allow a nonspeculative, objective assessment of defendant's present or future ability to pay fees." Id . at 552, 401 P.3d 288. Further, we stated that the "questions the court posed to defendant-framed as to whether anything impeded defendant's ability to pay fees when released from prison and asking defendant to verify that he was not disabled-were inadequate to the task of eliciting evidence of defendant's education, sources of income, and earning potential." Id .
Likewise, in this case, the trial court's inquiry into defendant's health and willingness to work supports nothing more than a speculative assessment of defendant's present or future capacity to pay more than $2,000 in court-appointed attorney fees after serving almost six years in prison. Something "concrete" and more than "guess-work" was required to permit a reasonable inference that defendant-unemployed for the previous three years and homeless-would have "employment available to him or the financial resources" to permit him to pay fees when released from prison. See id . ; see also State v. Moreno-Hernandez , 290 Or. App. 468, 477, 415 P.3d 1088 (2018) ("[T]hat defendant appeared healthy at the time of sentencing and had worked in the past * * * do[es] not allow a nonspeculative, objective assessment of defendant's present or future capacity to pay fees."). Consequently, the trial court erred in imposing the fees.
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.