ORTEGA, P. J.
*525 Defendant appeals a judgment of conviction for second-degree robbery, for which he was sentenced to 70 months' imprisonment.
*802 He assigns error to the trial court's imposition of $1,737 in court-appointed attorney fees and, acknowledging that he did not object when the court announced it would impose the fees, asks that we review for plain error. See ORS 151.505(3) ; ORS 161.665(4) ; ORAP 5.45(1). Although the trial court made a determination on the record that defendant "is or may be able to pay" the fees, defendant asserts that the record lacked evidence sufficient to support that determination. We agree with defendant and therefore reverse the portion of the judgment imposing attorney fees and otherwise affirm.
"In the absence of legally sufficient evidence that the defendant has the ability to pay the amount imposed, it is plain error for a trial court to require a defendant to pay court-appointed attorney fees." State v. Mendoza , 286 Or. App. 548, 549, 401 P.3d 288 (2017) (citing State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) ). "A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." State v. Pendergrapht , 251 Or. App. 630, 634, 284 P.3d 573 (2012). The burden to prove that a defendant "is or may be able to pay" attorney fees belongs to the state. State v. Kanuch , 231 Or. App. 20, 24, 217 P.3d 1082 (2009).
At sentencing, the court said the following:
"$1,737 in attorney fees. The statements came out that you had been working previously. I do find you have any ability to work. It's certainly something that will be difficult to be doing in the institution. They are required, frankly, to pay you, so I find that you'd have the ability to do that. And once you're out, it doesn't seem that you have any disabilities that would prevent you from working. So I would imagine you would be able to get a job again and pay at least the minimum amounts on your-minimum payments on your attorney fees. So I do find you have an ability to pay. We'll order the $1,737 in attorney fees."
The only evidence in the record about defendant's work history was testimony from defendant's probation officer that, *526 two months before defendant robbed the victim in this case, defendant "had a job * * * at Ferris in Lyons." After neither party voiced an objection to the trial court's assessment, the trial court's clerk interjected that there was an existing limited judgment providing for the imposition of $2,353 in court-appointed attorney fees. The trial court responded that
"[w]hen [defendant] originally applied for court-appointed counsel, they say how much you are able to pay, and so they already gave a judgment of $2,000 something, so we'll make a correction. And it will actually be a reduction of what your current accounting is here."
On appeal, defendant argues it is speculative to determine that he has an ability to pay the amount imposed based merely on an ability to work or that he lacks disabilities preventing him from working. Defendant points out that the only evidence in the record concerning his work history is his probation officer's scant testimony about the job in Lyons and argues that, "even if [he] had an unspecified job in the past, there was no evidence of what kind of work it was, what he earned, or whether he still had any money." The state responds that the probation officer's testimony about defendant's work history and the court's finding that defendant would be able to work in prison, coupled with the fact that defendant's maximum contribution amount had been previously set at a higher amount based on defendant's application for court-appointed counsel and then set at a lesser amount by the court at sentencing were enough to support a finding of defendant's ability to pay.
We are not persuaded by the state's argument. As to the testimony about defendant's job in Lyons, we have consistently concluded that that kind of evidence is not sufficient to support a determination of an ability to pay. We have stated that for
"us to sustain an order to pay the costs of court-appointed counsel in a criminal case on plain error review, the record must contain evidence that permits an objective, nonspeculative assessment of the defendant's present or future capacity to pay court-appointed attorney fees. Such evidence *803 may consist of information about the defendant's *527 financial resources, educational background, work history, and anticipated future employment or educational status, to the extent there is a nonspeculative basis for assessing that future status."
Mendoza , 286 Or. App. at 550-51, 401 P.3d 288. Thus, in Mendoza , we concluded that the trial court's determination of an ability to pay based on defendant's statements that he intended to seek work and did not have a disability that would prevent him from working after he served a six-year imprisonment sentence was "guesswork." Id. at 552, 401 P.3d 288. Likewise, in State v. Moreno-Hernandez , 290 Or. App. 468, 476, 415 P.3d 1088 (2018), we concluded that the trial court's findings that the defendant looked healthy and had been able "to maintain some type of employment" were insufficient to support the court's determination that the defendant "is or may be able to pay" court-appointed fees. See also State v. Mejia-Espinoza , 267 Or. App. 682, 683-84, 341 P.3d 180 (2014), rev. den. , 357 Or. 164, 351 P.3d 52 (2015) (observing that, although "the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historic earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment (including especially, as a firefighter) will be plausibly available to defendant following his release").
We also conclude that the trial court's determination that defendant has an ability to pay based on an ability to work while in prison is speculative. The record is silent as to whether such employment will be available to defendant, when it will be available, and whether the pay for such a job would be enough to satisfy the attorney fee obligation that the court imposed on defendant.
As for the trial court's consideration of the contribution amount ordered in the limited judgment that also appointed counsel to defendant, that too is insufficient to support the trial court's determination. The pretrial limited judgment approving defendant's request for appointed counsel and setting the maximum contribution amount at $2,353 lacks any information, including the application for court-appointed counsel, required to support an ability-to-pay *528 determination. See State v. Noyce , 285 Or. App. 741, 742, 399 P.3d 484 (2017) (noting that the record did not contain the defendant's application for court-appointed counsel). Nor is there any indication that the trial court relied on any information provided by defendant in the application for court-appointed counsel to support its determination at sentencing.
Accordingly, the trial court's assessment of defendant's ability to pay the court-appointed attorney fees was not based on sufficient facts to support a reasonable inference that defendant had the ability to pay $1,737 in court-appointed attorney fees or might acquire that ability in the future, and, thus, the imposition of the fees was plain error. We also conclude, for similar reasons we gave in Mendoza , that it is appropriate to exercise our discretion to correct the error. 286 Or. App. at 553, 401 P.3d 288 ("In light of the fee amount of $1,858, the six-year prison term, defendant's felony convictions, and the lack of any evidence regarding defendant's financial status or prospects of future employment, the error's gravity weighs in favor of us correcting it.").
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.