Submitted August 16; portion of judgment requiring defendant to pay court-appointed attorney fees reversed, otherwise affirmed September 25, 2019; petition for review denied January 16, 2020 (366 Or 97)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY LOREN SMITH,
*Defendant-Appellant.*

Marion County Circuit Court
17CR07380; A167016

449 P3d 1291

David E. Leith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Keith L. Kutler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for one count of attempted first-degree unlawful sexual penetration, one count of first-degree unlawful sexual penetration, and four counts of first-degree sexual abuse. On appeal, defendant raises two assignments of error.[1] We reject defendant's first assignment of error without discussion. In a second assignment of error, defendant argues that the trial court erred in imposing $7,647 in court-appointed attorney fees, and the state concedes that the trial court erred. We agree, accept the state's concession, and reverse the court's imposition of court-appointed attorney fees.

At sentencing, defendant asked the court to find that he did not have a present or future ability to pay court-appointed attorney fees and also pointed out that he would be serving a lengthy prison sentence of at least 25 years. The trial court then asked defendant a series of questions that elicited that defendant was 31 years old, would try to work upon his release from prison—perhaps as a drug and alcohol counselor which he had been working toward before his convictions, was currently healthy and intended to remain so, and would try to better himself while in prison. The trial court then determined that it would impose court-appointed attorney fees, which the court imposed in the amount of $10,000 because "I believe that within a reasonable time that can be paid with—on a plan. Beyond that I can't find ability to pay." The judgment imposed reduced court-appointed attorney fees of $7,647.

On appeal, defendant argues that the trial court erred because the information that the trial court elicited—that defendant intended to live long enough to be released from prison, to still be in a healthy state, and to work upon his release—is not sufficient evidence of defendant's current or future financial circumstances that can support imposition of court-appointed attorney fees. *See State v. Mendoza,*

---

[1] Additionally, defendant filed a supplemental brief that included a supplemental assignment of error that assigned error to the trial court's instruction to the jury that it could return a nonunanimous verdict. Defendant contends that the Sixth and Fourteenth Amendments to the United States Constitution require unanimous jury verdicts. We reject that argument on the merits without further discussion.

286 Or App 548, 550, 552, 401 P3d 288 (2017) ("[T]he record must contain evidence that permits an objective, nonspeculative assessment of the defendant's present or future capacity to pay court-appointed attorney fees."; "A defendant's acknowledgement that he intends to seek work after a six-year prison sentence is not sufficient to permit an inference of such an ability to pay, nor is the absence of a disability the metric of an ability to do so."). The state concedes that the trial court erred because "the record contains no evidence of defendant's actual ability to pay" and that we should reverse the attorney fee award.

We agree with and accept the state's concession. We also conclude that the appropriate disposition is to reverse the portion of the judgment imposing the court-appointed attorney fees and to otherwise affirm. *See, e.g.*, *id.* at 553.

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.