***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted April 7, portion of judgment imposing court-appointed attorney fees
reversed, otherwise affirmed June 7, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRACEY STEWART BARON,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CN05447; A177716

Ann M. Lininger, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was found in contempt of a restraining order and ordered to pay $429 in court-appointed attorney fees. In a single assignment of error, he contends that the trial court plainly erred in ordering him to pay attorney fees without adequate evidence that he "is or may be able to pay" them. ORS 151.505(3); ORS 161.665(4). He asks us to exercise our discretion to correct the error.[1] It was the state's burden to prove that defendant "is or may be able to pay" attorney fees. *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009).

The state concedes the error. Both parties agree that this case is analogous to *State v. Mendoza*, 286 Or App 548, 552-53, 401 P3d 288 (2017), in which we reversed as plain error a judgment ordering the defendant to pay court-appointed attorney fees, where the only evidence was that he did not have a disability that would prevent him from working when he got out of prison. Although the facts are not identical, we agree that this case is sufficiently comparable to *Mendoza* that we accept the state's concession as well-taken. As in *Mendoza*, the trial court appropriately "embarked on the statutorily required inquiry to assess defendant's present or future capacity to pay the costs of court-appointed counsel before ordering defendant to pay those fees," but, ultimately, "the evidence that the court's inquiry elicited did not allow a nonspeculative, objective assessment of defendant's present or future capacity to pay fees." *Id.* at 552. It was therefore plain error to order the payment of attorney fees.

We exercise our discretion to correct the error for similar reasons as we did in *State v. Walker*, 274 Or App 501, 502, 360 P3d 754 (2015) (exercising discretion to correct plain error where the defendant was ordered to pay $400 in court-appointed attorney fees without adequate evidence regarding his ability to pay), and *State v. Ramirez-Hernandez*, 264

---

[1] The claim of error is unpreserved. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1) ("[T]he appellate court may, in its discretion, consider a plain error."); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for "plain" error).

Or App 346, 349, 332 P3d 338 (2014) (similar, and recognizing that $400 can be a "substantial" amount depending on a person's circumstances).

Portion of judgment imposing court-appointed attorney fees reversed; otherwise affirmed.