486 November 27, 2024 No. 860

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON MICHAEL CHANCE,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR25743; A180720

Thomas J. Rastetter, Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Following a jury trial, defendant was convicted of fleeing or attempting to elude a police officer, ORS 811.540(1) (b)(A) (Count 1); driving under the influence of intoxicants, ORS 813.010 (Count 2); and reckless driving, ORS 811.140 (Count 3). On appeal, he raises two unpreserved assignments of error related to his conviction and sentence on Count 1. We affirm.

In his first assignment of error, defendant contends that the trial court plainly erred in "instructing the jury on the inchoate crime of attempt," because the required mental state for attempting to elude an officer is knowingly. The state concedes, and we agree, that that instruction was legally erroneous. *See State v. Rapp*, 306 Or App 265, 277, 473 P3d 1126, *rev den*, 367 Or 291 (2020) ("Nothing in the text or context of [ORS 811.540] suggests that, by using the word 'attempts,' the legislature meant to import an 'intentional' mental state with respect to the 'attempts to elude' aspect of the statute."). The state also contends, however, that the error was not "plain error," because "defendant had a plausible strategic reason for not objecting to the instruction."[1]

Assuming without deciding that the error is plain and not harmless, considering the gravity of the error—among other factors—we are not persuaded to exercise our discretion to correct any plain error in this case. *State v. Ailes*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (in determining whether to exercise our discretion to correct plain error, we consider, among other points, "the gravity of the error" and "the ends of justice in the particular case"). In particular, the error here was not grave because the instruction on the inchoate crime of attempt required the jury to find that defendant's conduct was intentional, which is a higher

---

[1] The Supreme Court recently clarified that, at least in cases of this sort, where the alleged error is an improper jury instruction, an argument that defendant had a strategic reason not to object is properly a consideration in determining whether to exercise discretion to correct plain error, but not in determining whether any error is plain. *State v. Wiltse*, 373 Or 1, 19, 23, ___ P3d ___ (2024) (in determining whether to exercise discretion to correct plain error "courts may also consider whether the party alleging the plain error made *** a strategic choice not to object to it" and that "an appellate court can determine whether a jury instruction violates the rules that govern jury instructions based on the content of the instruction itself").

mental state than knowingly. That is, in finding that defendant intentionally took as substantial step toward eluding an officer, the jury necessarily found defendant knew what conduct he was engaging in.

Put another way, given the jury instructions and defendant's actions during the incident as found by the jury, we do not view the error as grave. *See State v. Horton*, 327 Or App 256, 264, 535 P3d 338 (2023) ("The likelihood that the error affected the outcome goes to its 'gravity' and to 'the ends of justice.'").

In his second assignment of error, defendant contends that the trial court plainly erred when it imposed $761 in court-appointed attorney fees without sufficient evidence to support a finding that defendant "is or may be able to pay" those fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").

Based on our review of the record, we agree with the state's arguments on appeal that the record, which includes evidence of defendant's career as a paramedic and of defendant having discretionary income on the night of his conduct, supports a nonspeculative inference of defendant's current or future ability to pay the attorney fees imposed by the court. *See State v. Mendoza*, 286 Or App 548, 551, 401 P3d 288 (2017) ("[W]e have affirmed the imposition of court-appointed attorney fees when the record reflects that the defendant either had a source of income, an educational background, or the prospect of future employment.").

Affirmed.